**WIGHAM EXCAVATING COMPANY, Plaintiff–Appellee,**

v.

**COLORADO FEDERAL SAVINGS AND LOAN ASSOCIATION, n/k/a Bank Western, a federal savings bank, Defendant–Appellant.**

No. 88CA1330.

Colorado Court of Appeals, Div. V.

Feb. 22, 1990.

Rehearing Denied April 12, 1990.

Certiorari Denied Sept. 4, 1990.

Thomas J. Young, Jr., Denver, for plaintiff-appellee.

Elizabeth A. Prescott, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Colorado Federal Savings and Loan Association, appeals from a judgment determining that plaintiff, Wighan Excavating Company, has a valid mechanic's lien against certain real property now owned by the Association. We reverse.

Wigham's lien was claimed, in part, based upon excavating work performed at the request of Sun Tech Builders, Inc. (Sun Tech), the then owner and developer of the property. The Association furnished construction financing for Sun Tech and later acquired title to the property through foreclosure.

Wigham's claim was based on eight unpaid "field tickets" totalling $51,176.82, and the verified lien statement recited that the lien was claimed in this amount for "labor and services, primarily excavation work." However, Wigham's complaint was subsequently amended to reduce the amount to $44,176.82. The basis for the amendment was to subtract the amount of a loan made by Wigham to Sun Tech, of $5,000 together with a cushion for "taxes" in the amount of $2,000.

The purpose of the loan was to pay back salary due two of the principals of Sun Tech. The field tickets were "inflated" to the extent of $7,000 so that repayment could be obtained. Based upon conflicting evidence, the trial court found that the inaccurate field tickets were prepared with the knowledge and encouragement of Sun Tech but that Wigham had no intent to defraud the Association.

The court concluded that Wigham's lien was not forfeited to the extent of the amount actually due for excavation work based upon its findings as to the absence of fraud, and based upon its further findings that Wigham did not realize that it was improper to include the amount due on the loan in the lien statement.

The Association contends that the trial court erred in failing to declare that Wigham's lien was forfeited as a matter of law. We agree.

Historically, a lien claimant was required to include an "abstract" of the debits and credits for any unpaid account in the mechanic's lien statement. As a result, and absent an intent to defraud, an overstatement of the amount due was not deemed fatal to the lien. *See Lowell Hardware Co. v. May*, 59 Colo. 475, 149 P. 831 (1915). However, a mistake in the lien statement which tended to deceive the owner was condemned if the court concluded that the lien claimant failed substantially to comply with the "abstract" requirement in the statute. *See Cannon v. Williams*, 14 Colo. 21, 23 P. 456 (1890).

The "abstract" requirement was deleted in subsequent amendments to the statute, *see* § 38–22–109(1)(d), C.R.S. (1982 Repl. Vol. 16A), but the prohibition against filing fraudulent lien statements was retained. *See* § 38–22–123, C.R.S. (1982 Repl.Vol. 16A). Then in 1975, the General Assembly added § 38–22–128, C.R.S. (1982 Repl.Vol. 16A) which requires forfeiture of a lien if the claimant files a lien statement "without a reasonable possibility that said amount claimed is due and with knowledge that the amount claimed is greater than the amount due."

Section 38–22–123, which prohibits fraud, is facially irreconcilable with § 38–22–128. *E.B. Roberts Construction Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo. 1985) (fn. 5). Because § 38–22–128 is the latest enactment, we conclude that it controls. *See Public Employees' Retirement*

*Ass'n v. Greene,* 195 Colo. 575, 580 P.2d 385 (1978).

The statutory reference to the "amount due" in § 38–22–128 necessarily incorporates the type of work for which a mechanic's lien may be claimed. *Heating & Plumbing Engineers, Inc. v. H.J. Wilson Co. Inc.,* 698 P.2d 1364 (Colo.App.1984). And, in view of the overall history of the statutory amendments relative to the contents of the lien statement, we perceive an intent by the General Assembly to proscribe use of a lien to claim any excess amount which is knowingly and totally unrelated to the construction project. This is especially so when the inclusion of such an amount in the lien statement would potentially deceive the parties for whom the statutory notice is required.

Here, it is undisputed that Wigham "inflated" the "field tickets" to include amounts which were not due in any manner for its construction efforts. Further, Wigham must be charged with knowledge that the amounts included in the lien statement for the loan and taxes could not be claimed for "labor and services" in the excavation work. Under these circumstances, we conclude as a matter of law that Wigham filed a lien statement which requires forfeiture of its lien rights pursuant to § 38–22–128.

The judgment is reversed, and the cause is remanded to the trial court with directions to enter judgment declaring Wigham's lien forfeited.

JONES and DUBOFSKY, JJ., concur.