**Lynn W. WILKINSON and Carol J. Wilkinson, Petitioners–Appellees and Cross–Appellants,**

v.

**Jack GAFFNEY, Sr.; Charlotte Gaffney; Sibyl M. Carico; Ray E. Carico; and Roy L. Carico, Respondents–Appellants and Cross–Appellees.**

No. 98CA0168.

Colorado Court of Appeals, Div. II.

May 27, 1999.

Anderson, Dude, Pifher & Lebel, P.C., Lawrence A. Hecox, Colorado Springs, Colorado, for Petitioners–Appellees and Cross–Appellants.

Beatty, Gresham & Colerick, LLP, L. Douglas Beatty, Colorado Springs, Colorado, for Respondents–Appellants and Cross–Appellees.

Opinion by Judge KAPELKE.

In this private condemnation action, respondents, Jack Gaffney, Sr., Charlotte Gaffney, Sibyl M. Carico, Ray E. Carico, and Roy L. Carico, appeal from the judgment awarding them costs and attorney fees totaling $4673.55. Petitioners, Lynn W. Wilkinson and Carol J. Wilkinson, cross-appeal from the same order. We affirm.

Petitioners brought this action seeking a 60–foot wide right-of-way through respondents' property as well as an easement for various utilities. Following a hearing, the trial court awarded petitioners a 15–foot right-of-way across respondents' property, but denied petitioners' request for the utility easement. In a later order, the trial court allowed an additional 7.5 feet on each side of the right-of-way for maintenance purposes but denied petitioners' requests for a gate and for additional space to build a bridge. The parties later entered into a stipulation regarding all remaining issues except those relating to costs and attorney fees.

Respondents filed a motion pursuant to § 38–1–122(1), C.R.S.1998, seeking attorney fees and costs totaling $52,234.64. The trial court entered an order awarding respondents $4673.65, which represented only the attorney fees and costs incurred in defending against petitioners' request for the utility easements. In all other respects, the request for an award was denied.

In this appeal, respondents claim they are entitled to an award of all attorney fees and costs incurred in defending the action, and petitioners, by cross-appeal, claim the trial court should not have awarded respondents *any* attorney fees.

▮ The determination of the reasonableness of fees to be awarded is a question of fact for the trial court, whose ruling will not be disturbed unless it is patently erroneous and unsupported by the evidence. *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979).

▮ Initially, we reject the parties' contention that § 38–1–122(1) requires an "all or nothing" award and that the trial court was therefore precluded from making a partial award of fees and costs.

Section § 38–1–122(1) provides as follows:

If the court finds that a petitioner is not authorized by law to acquire real property or interests therein sought in a condemnation proceeding, it shall award reasonable attorney fees, in addition to any other costs assessed, to the property owner who participated in the proceedings.

Unlike some attorney fee statutes, § 38–1–122(1) does not provide that fees are to be awarded to the "prevailing party." Rather, the statute simply authorizes the court to award fees to the respondent property owner if the petitioner is not authorized by law to acquire the real property interests sought. The statute embodies a recognition that a property owner should not be required to incur costs when the condemning party does not proceed properly. *Platte River Power Authority v. Nelson,* 775 P.2d 82 (Colo.App. 1989).

To refuse to award a respondent any fees at all when the trial court has found that the petitioner was not authorized to acquire some of the property interests being sought would thwart the purpose of the statute. Similarly, it would be equally inappropriate to award a respondent all fees incurred in defending the entire action when at least some of the petitioner's condemnation claims were in fact authorized by law.

Thus, in our view, such an "all or nothing" approach would lead to unreasonable and absurd results. *See Jorgensen v. Heinz,* 847 P.2d 181 (Colo.App.1992); *see also McClellan v. Meyer,* 900 P.2d 24 (Colo.1995) (it is presumed that the General Assembly intends a just and reasonable result when it enacts a statute, and a construction which leads to an absurd result will not be followed).

■ Here, the record supports the trial court's determination that respondents were entitled to an award of only their fees incurred in defending against petitioner's unauthorized claim for a utility easement by condemnation. Further, the court's ruling is supported by the record and is consistent with the apparent statutory intent of discouraging the filing of unauthorized condemnation claims.

Accordingly, we find no abuse of discretion.

The judgment is affirmed.

Judge CRISWELL and Judge PLANK, concur.