LSV, INC., Plaintiff–Appellant
and Cross–Appellee,

v.

PINNACLE CREEK, LLC, Defendant–
Appellee and Cross–Appellant.

No. 97CA1674.

Colorado Court of Appeals,
Div. I.

June 10, 1999.

Rehearing Denied July 29, 1999.

Certiorari Denied March 27, 2000.

Waldbaum, Corn, Koff, Berger & Cohen, P.C., Michael H. Berger, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Frascona, Joiner and Goodman, P.C., G. Roger Bock; Louise Culberson–Smith; and Joyce M. Bergmann, Boulder, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge DAVIDSON.

In this contract action, plaintiff, LSV, Inc. (LSV), appeals from the trial court's judgment entered in its favor against defendant, Pinnacle Creek, LLC (Pinnacle), on a breach of contract claim and from the judgment entered against LSV, finding that it had filed an excessive lien against Pinnacle's real property. Pinnacle cross-appeals the court's award of attorney fees to it on the excessive lien claim. We affirm in part, reverse in part, and remand for further proceedings.

LSV and Pinnacle entered into a contract under which LSV would provide construction management services to Pinnacle for a fee based on the costs of development and a percentage of the amount of cost savings. After a substantial portion of the development work had been completed, a dispute arose between LSV and Pinnacle concerning additional compensation. Subsequently, the parties abandoned the contract.

LSV filed a lien against the project and filed suit to foreclose on the lien. Pinnacle, in its answer, asserted several counterclaims.

Following a bench trial, the court found that LSV, as the construction manager, was entitled to receive a fee equal to 4% of the development costs and 35% of the development costs savings when the construction was in place and that, at the time the parties had abandoned the contract, 85% of the infrastructure work had been completed. The court then awarded LSV a fee based on those findings.

## I.

LSV first contends that the trial court erred in its interpretation of the nature of the contract and in its findings in determining the amount of compensation due it when the parties abandoned the contract. We disagree.

■ If the record contains sufficient evidence to sustain a trial court's findings, a reviewing court is bound by the trial court's determination even though it might be possible for a reasonable person to arrive at a different conclusion based on the same facts. *Dahl v. Young,* 862 P.2d 969 (Colo.App.1993).

■ Interpretation of a contract is a question of law and will be reviewed de novo. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909 (Colo.1996).

## A.

LSV first argues that the trial court misperceived the nature of the contract. Specifically, LSV argues that the court calculated the award due it based on the construction costs expended on the project and not the development costs that preceded such construction. If, LSV argues, the court had based its ruling on the infrastructure work completed by LSV, the award would have been significantly higher. However, contrary to LSV's contention, the court expressly noted that the contract between LSV and Pinnacle was a construction management contract for LSV's services and based its findings and calculations on that determina-

tion. It did not award LSV a fee based on expended construction costs but on the development costs reflecting the percentage of the infrastructure that had been completed at the time the parties had abandoned the contract. We perceive no error in the trial court's characterization of the contract.

### B.

■ LSV also argues that the trial court erred in determining the amount of the management fee to which it was entitled. Again, we disagree.

Under the plain language of the contract, LSV was entitled to a project management fee of 4% of the development costs. The trial court, based on its finding that 85% of the project development had been completed under the contract, awarded 4% of 85% of the development costs incurred at the time that the parties had abandoned the contract.

LSV's claim that it is entitled to 4% of 85% of a base fee is contrary to the plain language of the contract. The figure LSV claims as a base fee is the fixed budget cost, an amount agreed upon by the parties as the anticipated cost of the project. In contrast, the figure upon which the court relied in determining LSV's fee reflected the actual amount incurred as development costs up to the time the parties had abandoned the contract. Therefore, although the fixed budget cost was to be used in determining the cost savings bonus, that figure is not the same as the development costs of the project.

Thus, LSV's fee appropriately was based on the development costs of the project as provided for under the contract. *See USI Properties East, Inc. v. Simpson,* 938 P.2d 168 (Colo.1997) (contract to be enforced according to its plain and ordinary language).

### C.

■ We also disagree with LSV's argument that the trial court erred in determining the amount of the cost savings bonus to which it was entitled.

Here, the trial court found, and the parties agreed, that the fixed budget cost of the project was $876,847.10 and that the con-

tracts for the project were bought out for $733,323.29 for a savings of $143,523.81. The court then awarded LSV 85% of 35% of the cost savings under the contract based on its determination that 85% of the development project had been completed at the time the parties had abandoned the contract and that LSV was not entitled to receive the benefit of any work which it did not perform. Nevertheless, LSV argues that it is entitled to the full amount of the cost savings bonus because the savings resulted from LSV's efforts and were realized at the time the contracts were signed. However, LSV's argument ignores its own evidence that, at the time the parties abandoned the contract, only 85% of the development work was in place and that Pinnacle was required to incur further costs to finish the development work. Thus, we perceive no error in the trial court's computation of the cost savings bonus.

### D.

■ LSV contends that the trial court erred in not awarding it an additional $10,000 fee later negotiated for and agreed upon by the parties because the scope and duration of the contract had changed. We reject this contention.

LSV approached Pinnacle with a request for additional compensation. According to testimony presented by Pinnacle, Pinnacle agreed to pay the extra fee only if the project were completed under budget. LSV presented evidence that the offer to pay was unconditional. However, the trial court found that efforts at renegotiating the contract failed and, therefore, did not award LSV any additional compensation. In so doing, the trial court acted within its discretion to determine the credibility of the witnesses before it and accept or reject the evidence presented. Its determination that attempts to renegotiate the contract were unsuccessful and that LSV was not entitled to further compensation has support in the record, and we will not disturb its ruling. *See In re Marriage of Bregar,* 952 P.2d 783 (Colo.App. 1997) (determination of credibility of witnesses, weight, probative force and sufficiency of evidence and inferences and conclusions to be drawn from the evidence are within the

court's discretion); *Dahl v. Young, supra* (findings with support in the record are binding on reviewing court).

## II.

LSV next contends that the trial court erred in determining that the lien it filed against Pinnacle's real property was excessive. Specifically, LSV argues that the court failed to make the findings required under § 38–22–128 or § 38–35–109(3), C.R.S.1998, to support an award of attorney fees to Pinnacle. Pinnacle, in its cross-appeal, contends that the trial court erred in determining the amount of attorney fees to which it was entitled for prevailing on its slander of title claim. We disagree with both contentions.

Under § 38–22–128:

Any person who files a lien under this article for an amount greater than is due without a *reasonable possibility* that said amount claimed is due and with the knowledge that said amount claimed is greater than that amount then due, and that fact is shown in any proceeding under this article, shall forfeit all rights to such lien plus such person shall be liable to the person against whom the lien was filed in an amount equal to the costs and all attorney's fees. (emphasis added)

Under § 38–35–109(3):

Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know that such document is *forged or groundless*, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees. (emphasis added)

### A.

■ Contrary to LSV's argument, the trial court made appropriate findings, with record support, in determining that the lien filed was excessive. The court found that, at the time LSV filed a mechanic's lien for $75,000, LSV knew that it was not entitled to more than $50,000. The extra $25,000 claimed in the lien was an amount not set forth under the contract that LSV had demanded of Pinnacle to compensate LSV for what it felt was extra work not contemplated under the contract. Likewise, that LSV and Pinnacle had discussed a bonus payment of $10,000 if the project was completed, does not justify the extra amount claimed in the lien. *See Tighe v. Kenyon*, 681 P.2d 547 (Colo.App.1984) (whether a lien is excessive is a question of fact and if the record supports such a finding, it will not be disturbed).

### B.

We agree with Pinnacle that the trial court erred in determining the amount of attorney fees to which it was entitled under § 38–22–128. However, although we agree that the award of attorney fees must be recalculated, we disagree with Pinnacle that § 38–22–128 requires that it be reimbursed for all of the attorney fees incurred by it in this case irrespective of the issue for which the fees were incurred.

Pinnacle relies on *Heating & Plumbing Engineers, Inc. v. H.J. Wilson Co.*, 698 P.2d 1364 (Colo.App.1984), in urging this interpretation. Because in that case, a division of this court affirmed an award of the party's attorney fees, it argues such award implies the interpretation here asserted by it. However, unlike in *Heating & Plumbing Engineers*, the trial court here did not find that all the claims at issue were directly attributable to the excessive lien claim.

■ Although a court is to give effect to a statute's plain and ordinary meaning, the intent of the General Assembly will prevail over a literal interpretation of a statute that leads to an absurd result. *AviComm, Inc. v. Public Utilities Commission*, 955 P.2d 1023 (Colo.1998).

■ Even though the intent of § 38–22–128 is to punish and deter those who would abuse the lien statute, the statute's intent is not to be unjust. *See Conte v. Meyer*, 882

P.2d 962 (Colo.1994) (interpreting statute to avoid an unjust and unreasonable result).

Here, the trial court awarded Pinnacle $10,000 of its claim for attorney fees. Although the court properly determined that Pinnacle was entitled to fees for defending against the lien claim, it based the amount of such award on the proportionate amount of attorney fees expended by Pinnacle in defending against only that portion of the lien the court had found to be excessive. Because, the court determined, a portion of the lien amount was owed to LSV, Pinnacle was not entitled to compensation for defending against that amount.

Contrary to the trial court's ruling, we agree with Pinnacle that the statute provides for an award of attorney fees incurred in defending against the entire lien. The amount that may be actually owed is but one element of an excessive lien claim. The party asserting such claim must also show that there was no reasonable possibility that the amount claimed was due and that the lienor knew that the lien amount was greater than the amount due. *See* § 38–22–128.

■ Thus, it is the entirety of the lien claim for which a party incurs costs and fees, not just a portion. Indeed, if the lien is determined to be excessive, then the party asserting such lien forfeits all rights to the lien, not just the portion found to be in excess of the amount due. Hence, the party who is successful in defending against an excessive lien is entitled to all of its fees incurred in defending against such claim.

However, the literal interpretation of "all attorney fees" urged by Pinnacle could lead to the absurd result that a party in a multiple-claim suit who prevails on other unrelated claims would be liable for all attorney fees of the other party even if the other party, entitled to attorney fees under § 38–22–128, prevailed on the excessive lien claim and no other. Thus, we conclude that a party entitled to attorney fees under § 38–22–128 is entitled only to those fees expended in bringing or defending an excessive lien claim. *See Wilkinson v. Gaffney*, 981 P.2d 1121 (Colo. App.1999) (award of fees in condemnation proceeding under § 38–1–122, C.R.S.1998, does not entitle respondent to all fees or

preclude any fee award where some of petitioner's claims are authorized by law and others are not).

■ Moreover, although the statute mandates an award of all attorney fees for successfully defending against an excessive lien, the amount awarded must be reasonable. *See Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979); *Tallitsch v. Child Support Services, Inc.*, 926 P.2d 143 (Colo.App. 1996) (if a statute providing for a fee award does not provide a specific definition of reasonableness, the amount of the award is to be determined in light of all the circumstances).

Therefore, to the extent that the award is reasonable, Pinnacle is entitled to all attorney fees incurred in defending against the lien claim. Thus, it is necessary to remand the cause for the trial court to determine an appropriate award. *Cf. Tallitsch v. Child Support Services, Inc., supra* (attorney fees should not have a direct or proportional relationship to the amount of damages awarded).

## C.

Because § 38–22–128 provides for an award of fees and costs incurred in defending an excessive lien claim, we further conclude that the trial court erred in denying an award of costs to Pinnacle for defending against such claim. Thus, on remand, the court also should determine an appropriate award of costs.

The judgment is affirmed in all respects, except as to the award of attorney fees and costs. As to those matters, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judge METZGER and Judge CRISWELL concur.