**HONNEN EQUIPMENT COMPANY, INC., Plaintiff,**

v.

**NEVER SUMMER BACKHOE SERVICE, INC. and Kyle D. Korth, Defendants–Appellees,**

and

**Homestead Capital Company, Inc., Defendant–Appellant.**

**No. 10CA0831.**

Colorado Court of Appeals, Div. A.

July 7, 2011.

John A. Berman, Denver, Colorado; Jeffrey N. Herren, Winter Park, Colorado, for Defendants–Appellees.

Frascona, Joiner, Goodman and Greenstein, P.C., Joseph Adams Cope, Benjamin J. Daniels, Boulder, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant Homestead Capital Company, Inc. (Homestead), appeals from the trial court's judgment and decree of foreclosure of the mechanic's lien claimed by defendant Never Summer Backhoe Service, Inc. (Never Summer). The primary issue presented is whether, as a matter of law, the inclusion of accrued interest in a lien statement renders the lien void as an excessive lien pursuant to section 38–22–128, C.R.S.2010. We conclude that the inclusion of interest in the lien statement here did not render it void as an excessive lien and, therefore, affirm.

## I.   Background

Defendant Elk Valley Estates, LLC (Elk Valley), not a party to this appeal, contracted with Never Summer to perform excavation work to develop certain real property. The contract provided that work would be paid for on a time and materials basis and that interest would accrue at a rate of eighteen percent per annum on any unpaid invoices.

Elk Valley became insolvent, and as a result, starting in May 2008, Never Summer was not paid in full for the work it performed on the property. In June 2008, pursuant to the contract, interest began to accrue on the unpaid amounts. In October 2008, Never Summer filed a mechanic's lien in the amount of $129,787.93. Defendant Kyle D. Korth,

Never Summer's president, later filed an "addition" to the lien in the amount of $17,479.37.

Homestead had provided a construction loan, secured by a deed of trust on the property. Homestead foreclosed on its deed of trust and became the owner of the property.

In the action to foreclose on Never Summer's mechanic's lien, it was stipulated prior to trial that the lien was timely recorded and had priority over Homestead's lien. At trial, the evidence was undisputed that the lien statement included $126,553.16 in unpaid principal and $3,234.77 in accrued interest. It was also undisputed that the $17,479.37 "addition" consisted entirely of accrued interest, and that no notice was given prior to recording the "addition."

At the close of trial, Homestead argued that, although a mechanic's lien claimant may recover interest *on* a lien, interest cannot be included *as part of* the lien because it does not represent the value of work done to benefit a property pursuant to section 38–22–101(1), C.R.S.2010. Homestead argued that, therefore, the inclusion of interest in the lien statement rendered it excessive and void pursuant to section 38–22–128.

In an oral ruling, the trial court first determined that the excessiveness issue was not properly before it. As to the "addition," the trial court noted that the notice required by section 38–22–109(3), C.R.S.2010, was undisputedly not given and, on that basis, declared it a nullity. Then, noting that the only affirmative defense raised by Homestead was that the "addition" was excessive, it determined that a challenge to the original lien filing, on the basis that the inclusion of $3,234.77 in accrued interest rendered it excessive, had not been pled. It then ruled alternatively that, as Homestead had argued, although interest may be collected on a lien, it is not properly included in a lien, but agreed with Never Summer that its inclusion of $3,234.77 in interest did not render the entire lien void under the excessive lien statute.

The day after the hearing, the court issued a written order summarizing its oral order, in which it stated that Never Summer was entitled to a decree of foreclosure on its mechanic's lien in the amount of $126,553.16 in principal, $39,939.19 in interest through January 2010, unspecified costs, and continuing interest at the contractual rate of eighteen percent. The court did not mention either of its alternative rulings on the excessiveness issue in this order, nor was either ruling included in the proposed order and decree of foreclosure.

Homestead then filed a motion pursuant to C.R.C.P. 59, asserting that the excessiveness issue had been tried by consent pursuant to C.R.C.P. 15(b) and requesting that the decree be amended to find that the lien was excessive and void. Never Summer filed a response, agreeing that the excessiveness issue had been tried by consent and joining Homestead's request to have the court rule on it in its written order, but disagreeing as to the correct outcome.

The court granted the proposed order foreclosing on Never Summer's mechanic's lien and awarded $1,533.29 in costs, for a total lien amount of $168,025.64. It denied the motion to amend in a written order that incorporated by reference its oral ruling, and this appeal followed.

## II. Trial by Consent

As an initial matter, we agree with Never Summer that the excessiveness of a mechanic's lien under section 38–22–128 is an affirmative defense that, subject to the exception in C.R.C.P. 15(b), must be pled. *See Manguso v. Am. Sav. & Loan Ass'n*, 782 P.2d 866, 868 (Colo.App.1989).

C.R.C.P. 15(b), however, provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The rule provides that a motion to amend the pleadings to conform to the evidence may be made at any time, "but failure to do so does not affect the result of the trial of those issues." C.R.C.P. 15(b).

When, as here, both parties explicitly agree that an issue has been tried by consent, they join in requesting that the court

make findings and rule on that issue, the record reflects that the issue was tried by consent, and a ruling on the issue would materially affect the outcome, the court is required to consider the issue. *See id.* (issues tried by consent *shall* be treated as if they had been raised); *Prato v. Minnesota Mut. Life Ins. Co.,* 40 Colo.App. 1, 3, 572 P.2d 487, 488 (1977) (trial court had a duty to consider issues raised by the evidence even though the matter was not pled and there was no formal motion to amend the pleadings).

■ In its response to Homestead's motion to amend, Never Summer agreed that the excessive lien issue was tried "by agreement" and therefore "join[ed] in Homestead's motion to have the court rule on the merits of the excessive lien theory." It then summarized the evidence relevant to that issue, including the amount of interest included in both the original lien statement and the "addition." Accordingly, notwithstanding Never Summer's assertion on appeal that the excessiveness issue was not tried by consent or implication, the record is to the contrary. Moreover, whether the inclusion of interest made the lien excessive and, therefore, void in its entirety obviously would affect the outcome of this case.

To the extent Homestead suggests on appeal that the trial court did not consider the issue of whether the lien was excessive, however, we disagree. The court's written order denying the motion to amend properly incorporated by reference its earlier, alternative oral ruling that the inclusion of accrued interest did not render the lien excessive. Accordingly, we now address whether, as Homestead argues, that ruling was error.

### III. Standard of Review

■ Whether a lien is excessive is generally a question of fact. *See Tighe v. Kenyon,* 681 P.2d 547, 552 (Colo.App.1984). However, here, it is undisputed that $3,234.77 of the amount listed in the lien statement consisted of accrued interest, that the entirety of the "addition" consisted of accrued interest, that Mr. Korth and Never Summer knew both statements included interest, and that the interest was due under the contract. Hence, we review de novo whether the knowing inclusion of accrued interest renders a lien void as excessive under section 38–22–128. *See Sperry v. Field,* 205 P.3d 365, 367 (Colo.2009) (statutory interpretation is a question of law subject to de novo review).

### IV. Interest and the Excessive Lien Statute

■ Section 38–22–128 provides in relevant part that a mechanic's lien claimant who files a lien "for an amount greater than is due without a reasonable possibility that said amount claimed is due and with the knowledge that said amount claimed is greater than [the] amount then due ... shall forfeit all rights to such lien." One asserting that a lien is excessive must prove, not only that the lien amount exceeds the amount actually due, but also that there was no reasonable possibility that it was due and that the lien claimant knew that the lien amount was greater than the amount due. *LSV, Inc. v. Pinnacle Creek, LLC,* 996 P.2d 188, 192 (Colo.App. 1999).

The question before us, whether filing a lien statement that includes accrued interest constitutes filing "for an amount greater than is due without a reasonable possibility that said amount claimed is due," is one of first impression in Colorado. In determining that question, we must harmonize the various subsections of the mechanic's lien statute to give a "reasonable ... and equitable construction" of the statute as a whole. *Independent Trust Corp. v. Stan Miller, Inc.,* 796 P.2d 483, 488, 493 (Colo.1990) (noting apparent conflict between subsections (1) and (2) of § 38–22–101, and harmonizing those sections and subsection (3)).

■ The intent of section 38–22–128 is to punish and deter those who abuse the mechanic's lien statute by knowingly and intentionally claiming excess amounts that are totally unrelated to the construction project. *See Wigham Excavating Co. v. Colo. Fed. Sav. & Loan Ass'n,* 796 P.2d 23, 25 (Colo. App.1990) (lien was excessive where claimant "inflated" invoices to include tax cushion and personal loan that were totally unrelated to

the construction project); *see also LSV, Inc.* 996 P.2d at 191. This is especially so when the inclusion of the excess amount has the potential to deceive the parties for whom the statutory notice is required. *Wigham,* 796 P.2d at 25.

Relying on *Independent Trust* and *Wigham,* Homestead argues that because the term " 'amount due' in section 38–22–128 necessarily incorporates the type of work for which a mechanic's lien may be claimed," *Wigham,* 796 P.2d at 25, and because accrued interest is not "related to the 'value of ... services rendered or labor done or material furnished' " as set forth in section 38–22–101(1), *Independent Trust Corp.,* 796 P.2d at 490, knowingly including accrued interest automatically renders an entire lien excessive as a matter of law. We disagree, and conclude that because lien claimants are "entitled to receive interest" under section 38–22–101(5), C.R.S.2010, accrued interest can be an "amount due" under section 38–22–128.

### A. Interest Does Not Represent the Value of the Work

■ Section 38–22–101(1) defines the type of work for which a mechanic's lien can be claimed as that related to "the value of [the] laborers, machinery, tools, or equipment supplied, or services rendered or labor done or laborers or materials furnished," and subsection (2) provides that if the work is performed pursuant to a contract, "the lien shall extend to the entire contract price."

In *Independent Trust,* the supreme court concluded that, notwithstanding subsection (2), late charges due under a contract for lienable work are not lienable because they are unrelated to the value of the work performed and are not mentioned as a lienable item under subsection (1). *Id.* at 493 (subsection (2) does "not enlarge the rights of a contractor to a mechanic['s] lien for the full contract price over and above the value of the materials provided and services and labor performed").

Homestead asserts that the accrued interest here is "just the same" as the late charges in *Independent Trust.* Conceptually, interest differs from late charges in that a late charge is an additional fee (i.e., a penalty) for not paying by a particular date, while interest is compensation for the time value of money. *See Black's Law Dictionary* 265, 886 (9th ed. 2009). But, practically, late charges and interest are the same in that both represent money due, not in exchange for work or materials, but only as a result of nonpayment of such money. *See also Dikeou v. Dikeou,* 928 P.2d 1286 (Colo.1996) (late charges may be "interest" under the usury statute; listing other contexts in which late charges may be considered a form of interest). Accordingly, we agree with Homestead that we are bound under *Independent Trust* to conclude that interest, like late charges, does not represent the value of the work performed.

### B. Accrued Interest is Nonetheless "Due"

■ However, although interest, like late charges, is not listed in subsection (1) as a "type of work for which a mechanic's lien may be claimed," *Wigham,* 796 P.2d at 25, it is specifically listed as recoverable under section 38–22–101(5). Thus, unlike late charges, which were held in *Independent Trust* not to be lienable in part because they are not mentioned in the mechanic's lien statute, the statute expressly provides, once the right to a lien has been established, for the recovery of interest "at the rate provided for under the terms of any contract or agreement" under which the work was performed. § 38–22–101(5). That interest is recoverable even if the owner of the property is not in privity with any of the contracting parties, and it begins to accrue when it becomes due. *Thirteenth St. Corp. v. A–1 Plumbing & Heating Co.,* 640 P.2d 1130, 1137–38 (Colo.1982) (trial court properly awarded interest to mechanic's lien claimants from date accounts became due); *see also Acoustic Specialties, Inc. v. Wright,* 103 Idaho 595, 651 P.2d 529, 533 (1982) (interest began to accrue on the lien from the date accounts became due, notwithstanding partial tender of amounts due); *Close v. Isbell Constr. Co.,* 86 Nev. 524, 471 P.2d 257 (1970) (trial court properly awarded interest to mechanic's lienor from date of last billing).

Furthermore, interpreting section 38–22–128 to allow a lien claimant to include in the

lien statement accrued interest that is recoverable under section 38–22–101(5) is consistent with the lien statement statute's purpose of providing notice. § 38–22–109, C.R.S.2010; *see First Nat'l Bank v. Sam McClure & Son, Inc.,* 163 Colo. 473, 479, 431 P.2d 460, 463 (1967). Conversely, to void an entire lien for including statutorily recoverable, accrued interest is inconsistent with the excessive lien statute's purpose of punishing and deterring those who knowingly or deceptively claim amounts that are not due. Indeed, including accrued interest in a lien statement does not, as Homestead asserts, deceive interested parties but, to the contrary, better informs owners or prospective owners as to the amount they would have to pay to obtain clear title.

Although Homestead asserts otherwise, neither *Independent Trust* nor *Wigham* requires a different result. In neither case was the issue of whether accrued interest authorized under subsection (5) can be an "amount due" under section 38–22–128 raised or addressed. Also, we note that unlike subsection (2), which was interpreted in *Independent Trust* as not implicitly expanding the type of work for which a lien may be claimed as defined by subsection (1) but, instead, providing only that the contract price indicates the value of the lienable goods and labor, subsection (5) explicitly expands a mechanic's lien claimant's recovery to include interest. And our interpretation is consistent with *Independent Trust*'s instruction to harmonize the subsections and to liberally construe the remedial provisions of the mechanic's lien statute in favor of the claimant. 796 P.2d at 493. Indeed, *Independent Trust* cited *Thirteenth Street Corp.,* in which the supreme court upheld an award of interest on a mechanic's lien from the date the interest became due, for the proposition that a mechanic's lien claimant's recovery was limited to the value of the materials, labor, or services provided. *Id.*

Moreover, since accrued interest is as recoverable pursuant to section 38–22–101(5) as any amount related to the value of services rendered or labor done or material furnished pursuant to section 38–22–101(1), we discern no practical difference whether accrued interest is included as part of the lien statement or added as an amount owing when the lien is foreclosed upon. *Cf.* Cathy Stricklin Krendl, *Colorado Practice Series,* 1C Methods of Practice § 48.4 (5th ed. 2006) ("accrued interest is lienable and becomes part of the total lien"); Stephen W. Seifert, *Colorado Practice Series,* 9 Creditors Remedies § 4.32 (2010) (although lienability of interest is commonly misunderstood, interest accrues from the date the amount becomes due).

Homestead argues that, nevertheless, section 38–22–128 should be understood to automatically render a lien void as excessive if the claimant knowingly includes accrued interest in the lien statement because it is possible that a lien statement could include unaccrued amounts of interest, or could blur the distinction between what portion of the lien statement is principal and what portion is interest, resulting in the owner being charged double or compound interest. We disagree. Simply because it is possible to claim interest in excess of the amount due, just as it is possible to claim any other excessive amount, is not a valid reason to interpret the statute as penalizing those who claim interest that has accrued and is due. Here, it was undisputed that neither Never Summer nor Mr. Korth intended to deceive anyone and that the interest that was charged had accrued and was due. Further, because the invoices introduced to establish the amount of the lien also established what portion of the amount claimed was principal and what was interest, there was no real possibility of even inadvertent confusion.

Accordingly, we conclude that Never Summer's knowing inclusion of interest, accrued from the date due to the date of filing the lien statement, did not render its lien void as excessive under section 38–22–128. Based on this disposition, we need not address Homestead's contention that the court erred in declaring the "addition" a nullity due to lack of notice rather than considering it as an amendment to the original lien statement.

Judgment affirmed.

Judge STERNBERG * and Judge
PLANK * concur.