2001 ND 70

Dr. Thomas P. DOWHAN, Plaintiff and Appellant,

v.

Dr. Ronald J. BROCKMAN, individually; and Valley Vision Clinic, Ltd., a North Dakota Professional Corporation, Defendants and Appellees.

No. 20000249.

Supreme Court of North Dakota.

April 12, 2001.

Larry James Richards, Grand Forks, N.D., for plaintiff and appellant.

Michael J. Morley, Morley Law Firm, Ltd., Grand Forks, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] Dr. Thomas P. Dowhan appealed an order denying a motion to modify a damage award, a judgment, and an order overruling objections to an award of costs and disbursements in his action ·against Dr. Ronald J. Brockman and Valley Vision Clinic, Ltd. ("Clinic"). We affirm.

[¶ 2] Dowhan leased office space from the Clinic, which provided eye care in Grand Forks. Ophthalmologists Dowhan and Brockman entered into a pre-partnership agreement in 1994, which was renewable each year, subject to termination upon 60 days notice. The pre-partnership agreement was terminated in 1995,[1] and the Clinic told Dowhan to remove his equipment.

[¶ 3] Dowhan sued Brockman and the Clinic, alleging (1) the Clinic breached the lease; (2) Brockman breached the pre-partnership agreement; (3) Brockman interfered with Dowhan's prospective business advantage with the Clinic; (4) the Clinic interfered with Dowhan's prospective business advantage with Brockman; (5) the Clinic wrongfully induced Brockman to leave his employment with Dowhan; (6) the Clinic and Brockman interfered with Dowhan's existing and prospective physician-patient relationships "by directing patient calls made to [Dowhan] over to Defendant, Dr. Brockman"; (7) Brockman used a wrongfully-obtained customer list to solicit Dowhan's patients by using telephone messages from existing or prospective patients for Brockman's benefit; and (8) Brockman wrongfully converted to his own use money received from patients for services rendered while he was employed by Dowhan. Brockman and the Clinic denied liability. Brockman counterclaimed for $6,249.99 for unpaid compensation Dowhan owed Brockman.

[¶ 4] The jury returned a verdict rejecting all but one of Dowhan's claims. The jury found Brockman did "wrongfully

convert funds and/or patient lists from Dr. Dowhan," but awarded no damages, because Dowhan failed to meet his burden of proving damages. The jury found in favor of Brockman on his counterclaim and awarded damages of $4,749.99, plus 6% interest for four years and three months.

[¶ 5] Dowhan moved to modify the damage award by eliminating the interest. The trial court denied the motion. The trial court dismissed Dowhan's complaint, ordered judgment for Brockman in the amount of $5,961.23, which was $4,749.99 on his counterclaim, plus interest, and ordered Brockman and the Clinic be awarded costs and disbursements. The judgment dismissed Dowhan's complaint, awarded Brockman $5,961.23 on his counterclaim, and awarded Brockman and the Clinic costs and disbursements of $5,762.79. Dowhan appealed.

[¶ 6] Dowhan contends the trial court erred in upholding the jury's interest award, maintaining it "abused it[ ]s discretion in allowing the jury's decision on this matter to stand" and failed to address equitable arguments he raised in arguing interest should not have been awarded.

[¶ 7] Section 32–03–04, N.D.C.C., provides:

> Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in the person upon a particular day, also is entitled to recover interest thereon from that day, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

"Section 32–03–04 ... generally governs prejudgment interest in contract cases." *Roise v. Kurtz*, 1998 ND 228, ¶ 8, 587 N.W.2d 573. The trial court is presumed to have considered the information provided to it. *See, e.g., Overboe v. Odegaard*, 496 N.W.2d 574, 578 (N.D.1993); *In re J.A.G.*, 552 N.W.2d 317, 324 (N.D.1996). If the damages were certain or capable of

---

1. Dowhan and Brockman each claim the oth-      er terminated the agreement.

being made certain, Brockman was entitled to recover interest. Dowhan has not shown the damages were uncertain or incapable of being made certain, or that the interest was incorrectly computed. We conclude the trial court did not err in upholding the award of interest.

■ [¶ 8] Dowhan contends the trial court erred in finding he was not a prevailing party, and "contends that, since both sides have prevailed on claims, neither side should have been awarded costs and disbursements."

[¶ 9] Section 28–26–06, N.D.C.C., provides for payment of necessary disbursements to a prevailing party:

In all actions and special proceedings, the clerk shall tax as a part of the judgment in favor of the prevailing party his necessary disbursements as follows:

1. The legal fees of witnesses and of referees and other officers;

2. The necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial;

3. The legal fees for publication, when publication is made pursuant to law;

4. The legal fees of the court reporter for a transcript of the testimony when such transcript is used on motion for a new trial or in preparing a statement of the case; and

5. The fees of expert witnesses. Such fees must be reasonable fees as determined by the court, plus his actual expense. The following are nevertheless in the sole discretion of the trial court:

a. The number of expert witnesses who are allowed fees or expenses;

b. The amount of fees to be paid such allowed expert witnesses, including an amount for time expended in preparation for trial; and

c. The amount of costs for actual expenses to be paid such allowed expert witnesses.

■ [¶ 10] The determination of who is a prevailing party under N.D.C.C. § 28–26–06 is a question of law. *Braunberger v. Interstate Eng'g, Inc.*, 2000 ND 45, ¶ 24, 607 N.W.2d 904. "We, therefore, conduct a de novo review." *Id.* at ¶ 13. "[T]his Court has distinguished between the legal question of whether a party is a prevailing party entitled to necessary disbursements, and the factual question of whether the awarded costs and their amounts were proper." *Id.* at ¶ 24. The trial court "is in a much better position to determine the reasonableness and necessity of the costs and disbursements sought by the prevailing party." *Vogel v. Pardon*, 444 N.W.2d 348, 353 (N.D.1989). "A trial court's decision on fees and costs under N.D.C.C. § 28–26–06 will not be overturned on appeal unless an abuse of discretion is shown." *Lemer v. Campbell*, 1999 ND 223, ¶ 6, 602 N.W.2d 686. Under *Braunberger* and *Lemer*, the question of who is a prevailing party for an award of disbursements under N.D.C.C. § 28–26–06 is a question of law, subject to de novo review, while the question of the amounts to be allowed for disbursements is one of fact, subject to an abuse-of-discretion standard of review.

■ [¶ 11] The determination of who is a prevailing party entitled to recover necessary disbursements under N.D.C.C. § 28–26–06 is based upon success on the merits, not damages. *Lemer*, 1999 ND 223, ¶ 9, 602 N.W.2d 686. If opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed. *Id.* at ¶ 7. A prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Black's Law Dictionary* 1145 (7th ed.1999).

Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who success-

694

fully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.

*Lemer,* 1999 ND 223, ¶ 9, 602 N.W.2d 686 (quoting 20 Am.Jur.2d *Costs* § 12 (1995)). *See also Foss Alaska Line, Inc. v. Northland Servs., Inc.,* 724 P.2d 523, 526 (Alaska 1986); *City of Amarillo v. Glick,* 991 S.W.2d 14, 17 (Tex.App.1997); 20 C.J.S. *Costs* § 11 (1990).

[¶ 12] The jury finding that "Dr. Brockman wrongfully convert[ed] funds and/or patient lists from Dr. Dowhan," dealt with two of eight claims Dowhan alleged against the Clinic and Brockman. The main issues in Dowhan's suit dealt with conduct between Brockman and the Clinic, which Dowhan claimed resulted in breaches of contract and interference with his prospective business advantages with the Clinic and with Brockman. The jury awarded no money for the conversion. Dowhan acknowledged the jury could not have found Brockman converted any funds belonging to Dowhan and the jury's finding must have been with regard to patient lists. The patient lists, alleged to have been "telephone messages from existing or prospective patients," appear to have been a relatively minor issue in the litigation and were not shown to have any significant value in themselves. The main issue in Brockman's counterclaim was his claim that Dowhan did not fully compensate him under their employment agreement.

[¶ 13] We conclude Dowhan did not prevail on any significant issue in his action. Brockman and the Clinic successfully defended against Dowhan's claims, prevailing on all significant issues in Dowhan's action. Brockman prevailed on the main issue in his counterclaim. We conclude Dowhan was not a prevailing party under N.D.C.C. § 28–26–06, and the Clinic and Brockman were prevailing parties.

[¶ 14] Affirmed.

[¶ 15] GERALD W. VANDE WALLE C.J., and CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, JJ., concur.