2007 ND 103

**Cheryle D. GOOD BIRD, Plaintiff and Appellant**

v.

**TWIN BUTTES SCHOOL DISTRICT, Melissa Starr, Darcy Lone Bear, Hank Starr, Defendants and Appellees.**

No. 20070041.

Supreme Court of North Dakota.

June 26, 2007.

Vance Gillette, Minot, N.D., for plaintiff and appellant; submitted on brief.

Gary R. Thune and Tiffany L. Johnson (argued), Pearce & Durick, Bismarck, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] Cheryle Good Bird appeals from the trial court's judgment of dismissal, order denying motion for reconsideration, and order affirming denial of motion for reconsideration, which granted summary judgment in favor of Twin Buttes School District, Melissa Starr, Darcy Lone Bear, and Hank Starr ("School District"). Good Bird argues the trial court improperly granted summary judgment in favor of the School District on her breach of contract and due process claims. We affirm the trial court's judgment of dismissal granting summary judgment.

I

[¶ 2] Cheryle Good Bird was hired by the School District to be head cook for

Twin Buttes Elementary School for the 2001–2002 school year and the 2002–2003 school year. Good Bird was not hired for the 2003–2004 school year. Good Bird filed a complaint against the School District. Good Bird claimed the School District breached the parties' implied contract and violated her due process rights by discharging her without notice or a hearing. Good Bird moved for summary judgment. The School District also moved for summary judgment. The parties submitted affidavits, and other documentation, in support of summary judgment.

[¶ 3] In an affidavit, the School District's business manager, Janet Lorenz, stated that, in 2001, she sent Good Bird a letter indicating Good Bird's employment was for the 2001–2002 school year. According to Lorenz, in 2002, the School District hired Good Bird for the 2002–2003 school year after a similar letter was sent to Good Bird. According to the affidavit of Elaine Incognito, principal of Twin Buttes Elementary School, on April 7, 2003, she sent Good Bird a letter informing Good Bird that the head cook position would be advertised for the 2003–2004 school year because of numerous absences, and that Good Bird could re-apply for the position. Good Bird asserts she did not receive the letter. According to Incognito, Good Bird re-applied for the position, but was not hired. According to Good Bird's affidavit, she did not receive an explanation for her termination and was not provided a hearing.

[¶ 4] The trial court granted the School District's cross-motion for summary judgment. The trial court dismissed Good Bird's complaint for lack of subject-matter jurisdiction because she did not exhaust her administrative remedies by not filing a grievance when her position was advertised. The trial court noted, even if subject-matter jurisdiction were present, Good

Bird would not have prevailed in her breach of contract or due process claims. Good Bird moved for reconsideration. The trial court denied Good Bird's motion for reconsideration. Good Bird requested a Rule 3.2, N.D.R.Ct., hearing. The trial court denied Good Bird's request. Good Bird appeals the trial court's judgment of dismissal ordering summary judgment in favor of the School District and orders denying reconsideration.

II

[¶ 5] Whether a trial court has properly granted summary judgment is a question of law which this Court reviews de novo on the entire record. *Grandbois and Grandbois, Inc. v. City of Watford City*, 2004 ND 162, ¶ 17, 685 N.W.2d 129. "Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Zuger v. State*, 2004 ND 16, ¶ 7, 673 N.W.2d 615. The party seeking summary judgment has the burden of showing there are no genuine issues of material fact, and the moving party is, therefore, entitled to judgment as a matter of law. *Grandbois*, 2004 ND 162, ¶ 17, 685 N.W.2d 129. In *Azure v. Belcourt Pub. Sch. Dist.*, 2004 ND 128, ¶ 8, 681 N.W.2d 816, this Court explained:

In considering a motion for summary judgment, a court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from that evidence to determine whether summary judgment is appropriate. *Matter of Estate of Otto*, 494 N.W.2d 169, 171 (N.D.1992). Although the party seeking summary judgment has the burden to clearly demonstrate there is no genuine issue of material fact, the court must also consider the

substantive standard of proof at trial when ruling on a summary judgment motion. *State Bank of Kenmare v. Lindberg,* 471 N.W.2d 470, 474–75 (N.D. 1991). The party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. *Kummer v. City of Fargo,* 516 N.W.2d 294, 297 (N.D. 1994). Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Matter of Estate of Stanton,* 472 N.W.2d 741, 746 (N.D.1991).

[¶ 6] When the party opposing summary judgment fails to present competent evidence on an essential element of the claim to the trial court, it is presumed such evidence does not exist. *Grandbois,* 2004 ND 162, ¶ 17, 685 N.W.2d 129. This Court reviews the evidence in a light most favorable to the party opposing summary judgment and gives that party the benefit of all favorable inferences. *Id.*

[¶ 7] In a memorandum opinion, the trial court explained its decision to order summary judgment in favor of the School District. The trial court determined summary judgment was appropriate on Good Bird's breach of contract claim because the parties did not have written documentation that evidenced more than term employment. The trial court determined summary judgment was appropriate on Good Bird's due process claim because Good Bird had term employment with the School District, and therefore, was not dismissed when her employment ended.

## III

[¶ 8] Good Bird argues that the Twin Buttes Elementary School Board Personnel Policies and Procedures Handbook ("Handbook") and her job tenure created contract rights between her and the School District. Good Bird contends that by discharging her from the head cook position without notice, as required by the Handbook, the School District breached a contract between the parties. Therefore, Good Bird contends the trial court's grant of summary judgment should be reversed in her favor, or remanded. The School District argues the trial court properly granted summary judgment because Good Bird failed to exhaust her administrative remedies and she did not have a contractual right to continued employment. Because we conclude Good Bird has failed to prove a contract entitling her to continued employment, we do not reach the issue of her failure to exhaust administrative remedies.

[¶ 9] "The elements of a prima facie case for breach of contract are: (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." *WFND, L.L.C. v. Fargo Marc, L.L.C.,* 2007 ND 67, ¶ 13, 730 N.W.2d 841. Breach of contract occurs when there is nonperformance of a contractual duty when it is due. *Id.* "The burden of proving the elements of a breach of contract is on the party asserting the breach." *Id.*

[¶ 10] To prevail on her breach of contract claim, Good Bird must first establish that an employment contract existed between her and the School District. "To create an enforceable contract, there must be a mutual intent to create a legal obligation." *B.J. Kadrmas, Inc. v.*

*Oxbow Energy*, 2007 ND 12, ¶ 11, 727 N.W.2d 270. "The parties' mutual assent is determined by their objective manifestations, not their secret intentions." *Id.* "A contract is either express or implied. An express contract is one the terms of which are stated in words. An implied contract is one the existence and terms of which are manifested by conduct." *Id.* "Under contracts implied in fact, the court merely attempts to determine from the surrounding circumstances what the parties actually intended." *Id.*

[¶ 11] We recognize an employer may create a contract with an employee handbook or personnel policy manual. *Heng v. Rotech Medical Corp.*, 2004 ND 204, ¶ 13, 688 N.W.2d 389. "We construe employment contracts, including handbooks and policies, as a whole to determine the parties' intent." *Id.* In this case, the Handbook states that its "primary purpose . . . is to serve as a resource guide to provide school staff with information and guidance regarding conditions of employment, work expectations, resources, procedures, professional ethics. . . ." We have not found any provision in the Handbook that indicates the Handbook was intended to create a legal obligation between the parties, rather than serve as a guide. Good Bird has failed to show this Court any provision in the Handbook that creates a legal obligation between the parties. Reliance on unsupported, conclusory allegations is not enough to resist summary judgment. *See Azure*, 2004 ND 128, ¶ 8, 681 N.W.2d 816. Therefore, the Handbook was not an express contract between the School District and Good Bird.

[¶ 12] A review of the circumstances and the parties' conduct surrounding Good Bird's employment with the School District indicates there was not an implied contract between the parties. Lorenz, in her affidavit, stated that the School District hired Good Bird to work as Twin Buttes Elementary School's head cook for the 2001–2002 school year, by means of a letter that specifically set the term of employment as the 2001–2002 school year. According to Lorenz, in 2002, Good Bird was informed she was selected to be the head cook at the school specifically for the 2002–2003 school year. On April 7, 2003, Incognito sent a letter informing Good Bird that the head cook position would be advertised for the next school year because of numerous absences. Good Bird was invited to re-apply for the position. According to Incognito's affidavit, Good Bird re-applied for the position. The record indicates Good Bird worked for the School District one year at a time. When that term of employment concluded, a decision was made whether to hire Good Bird for another school year. The record further indicates Good Bird knew her employment was for a set term because she re-applied when so invited.

[¶ 13] Good Bird did not present competent admissible evidence that she had a contract with the School District. By not presenting competent admissible evidence, Good Bird failed to show a genuine issue of material fact as to whether the parties had a contract. Good Bird failed to show a factual dispute exists on an essential element of her breach of contract claim on which she would bear the burden of proof at trial. *See Matter of Estate of Stanton*, 472 N.W.2d at 746. Therefore, summary judgment on Good Bird's breach of contract claim was appropriate.

IV

[¶ 14] Good Bird argues her due process rights were violated under 42 U.S.C. § 1983. Good Bird contends cause was required to dismiss her from the head cook position, and that due process required notice and an opportunity to re-

spond. Therefore, because Good Bird was not provided notice or a hearing, she contends the trial court's grant of summary judgment should be reversed in her favor. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[¶ 15] Public employees "who have legitimate expectations of continued government employment possess property interests of which they cannot be deprived without due process." *Livingood v. Meece*, 477 N.W.2d 183, 192 (N.D.1991). Due process "requires pretermination notice and an opportunity to respond before an employee with a constitutionally protected property interest in continued employment may be terminated." *Id.* at 192–93.

[¶ 16] Good Bird was hired by the School District in 2001 for the 2001–2002 school year. The School District decided to offer Good Bird employment for the 2002–2003 school year. Good Bird's employment with the School District was for one year at a time, as evidenced by the lack of an employment contract, and the history of one-year term employment between the parties. The record indicates it was customary for Good Bird to be in-

formed by the School District whether she would be hired for the following school year.

[¶ 17] Without an employment contract or a history of continuing employment, Good Bird did not have a legitimate expectation of continued employment. *See Livingood*, 477 N.W.2d at 192. Therefore, Good Bird did not have a property interest. Without a property interest in continued employment, Good Bird was not entitled, as a matter of law, to the due process rights of notice and an opportunity to respond. *See id.* at 192–93.

[¶ 18] Good Bird did not present competent admissible evidence that she had a legitimate expectation in continued employment with the School District. By not presenting competent admissible evidence, Good Bird failed to show a genuine issue of material fact as to whether she had a legitimate expectation in continued employment. Good Bird failed to show a factual dispute exists on an essential element of her due process claim on which she would bear the burden of proof at trial. *See Matter of Estate of Stanton*, 472 N.W.2d at 746. Therefore, summary judgment on Good Bird's due process claim was appropriate.

V

[¶ 19] The trial court's judgment of dismissal granting summary judgment in favor of the School District and orders denying reconsideration are affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.