Filed 4/10/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 78

Northern Excavating Co., Inc., Plaintiff, Appellee, and Cross-Appellant

v.

Sisters of Mary of the Presentation 

Long Term Care, d/b/a/ Ave 

Maria Village, Defendant, Appellant, and Cross-Appellee

No. 20110209

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Maring, Justice.

Kip M. Kaler (argued), Kaler Doeling Law Office, P.O. Box 423, Fargo, N.D. 58107-0423, for plaintiff, appellee, and cross-appellant.

Michael T. Andrews (on brief) and Michael L. Gust (argued), Anderson, Bottrell, Sanden & Thompson, P.O. Box 10247, Fargo, N.D. 58106-0247, for defendant, appellant, and cross-appellee.

Northern Excavating Co., Inc. v. Sisters of Mary of the Presentation Long Term Care, d/b/a/ Ave Maria Village

No. 20110209

Maring, Justice.

[¶1] Sisters of Mary of the Presentation Long Term Care, d/b/a Ave Maria Village (“Sisters of Mary”), appeals, and Northern Excavating Co., Inc. (“Northern”) cross-

appeals from the trial court’s judgment awarding Northern $81,694.23 plus interest at 1.5 percent and costs at $743.33, and awarding Sisters of Mary $3,231.00 in attorney’s fees.  We affirm in part, reverse in part, and remand.

I

[¶2] In October of 2009, Sisters of Mary and Northern executed a contract wherein Northern agreed to repair a water main break on Sisters of Mary’s property for the cost of its “[t]ime and [m]aterials[.]”  The contract did not contain a specific price.  Following completion of the repairs, Northern submitted a bill for $103,244.11 to Sisters of Mary.  Sisters of Mary found the bill excessive and refused to pay, asserting the repairs only had a value of approximately $40,000.

[¶3] Northern filed a construction lien covering the repaired property and sued Sisters of Mary seeking $98,806.98 for breach of contract and foreclosure of the lien.  Sisters of Mary answered and counterclaimed alleging breach of contract, unlawful sales practices, and invalid construction lien/slander of title.  Sisters of Mary also sought a jury trial.  By stipulation, issues relating to the foreclosure of the construction lien were reserved and not submitted to the jury.  The jury returned a verdict awarding Northern $81,694.23 plus interest at 1.5 percent for time and materials provided under the contract.  After the verdict was rendered, Sisters of Mary applied for its costs and attorney’s fees.  In its post-trial brief, Sisters of Mary claimed it successfully challenged Northern’s lien and argued the court was required, under N.D.C.C. § 35-

27-24.1, to award it all of its attorney’s fees and costs, $33,477.09, associated with the action.  In its own post-trial brief, Northern argued it was unreasonable to require lienholders to pay costs and attorney’s fees when a lienholder does not recover the precise amount claimed in a lien.  The trial court ultimately awarded Sisters of Mary a portion of its attorney’s fees, $3,231.00, explaining it was a reasonable award given Sisters of Mary failed to specify “any fees that were directly related to the construction lien issue[.]”  The trial court also found Northern was the prevailing party and  awarded it $743.33 of its costs under N.D.C.C. § 28-06-06.  Sisters of Mary appeals, arguing the trial court misapplied the law by not awarding it the full amount of its attorney’s fees and costs for the successful defense of a construction lien under N.D.C.C. § 35-27-24.1.  Sisters of Mary also argues the trial court erred by finding Northern was the prevailing party and entitled to costs.  Northern cross-appeals, arguing the trial court misapplied the law in awarding Sisters of Mary any attorney’s fees and costs because Northern was the prevailing party and the lien was not inaccurate.

II

[¶4] Both parties’ arguments on appeal involve statutory interpretation.  “Interpretation of a statute is a question of law, fully reviewable on appeal.”  
Wheeler v. Gardner
, 2006 ND 24, ¶ 10, 708 N.W.2d 908.  When interpreting a statute, this Court seeks to ascertain the intent of the Legislature by giving the statute’s language “its plain, ordinary, and commonly understood meaning.”  
Id.
  A statute’s language must be interpreted in context, and this Court attempts to give “meaning and effect to every word, phrase, and sentence.”  
Id.
 at ¶ 11 (citing N.D.C.C. §§ 1-02-03 and 1-

02-38(2)).  Further, “[s]tatutes must be construed to give effect to all of their provisions, so that no part of the statute is rendered inoperative or superfluous.”  
Id.
 (citing N.D.C.C. §§ 1-02-38(2) and (4)).  If a statute’s language is clear and unambiguous, such language “is not to be disregarded under the pretext of pursuing [the statute’s] spirit.”  N.D.C.C. § 1-02-05.  “A statute is ambiguous when it is subject to different, but rational meanings.”  
Hilton v. N.D. Educ. Ass’n
, 2002 ND 209, ¶ 10, 655 N.W.2d 60.  When a statute is ambiguous, “a court may resort to extrinsic aids, including legislative history, to interpret the statute.”  
Id.
  Finally, this Court presumes “[a] just and reasonable result is intended.”  N.D.C.C. § 1-02-38(3).

III

[¶5] Sisters of Mary argues it successfully contested the accuracy of Northern’s construction lien under N.D.C.C. § 35-27-24.1 because the jury awarded Northern approximately $17,000 less than it claimed under the lien.   Therefore, Sisters of Mary asserts it is entitled to an award of all its attorney’s fees and costs, $33,477.09.

[¶6] Section 35-27-24.1, N.D.C.C., states that “[a]ny owner that successfully contests the validity or accuracy of a construction lien by any action in district court must be awarded the full amount of all costs and reasonable attorney’s fees incurred by the owner.”  Section 35-27-24.1, N.D.C.C., was enacted by Senate Bill 2250 in 2009.  2009 N.D. Sess. Laws ch. 293, § 13.  The legislative history of Senate Bill 2250 indicates this new section awarding costs and attorney’s fees to an owner who successfully contests a construction lien was created as part of an effort to prevent situations where construction liens were threatened, or actually filed, in order to coerce an owner into settling, rather than litigating, a dispute.  
Hearing on S.B. 2250 Before the Senate Judiciary Committee
, 61st N.D. Legis. Sess. (Jan. 28, 2009) (testimony of Malcolm Brown, attorney, appearing on behalf of the Real Property Section of the State Bar Association of North Dakota).  Under this statute, the person claiming the lien bears the risk of filing a lien that is inaccurate or invalid.

[¶7] Sisters of Mary argues the construction lien was not “accurate.”  The trial court held that the construction lien filed by Northern for $98,806.98 was not accurate based on the finding of the jury that the reasonable value of the time and materials was $81,694.23.  The amount awarded to Northern was therefore approximately $17,000 less than the lien.  Under these facts, the trial court did not err in its interpretation that N.D.C.C. § 35-27-24.1 applied.  We conclude, however, that a determination of whether an owner has successfully contested the “accuracy of a construction lien,” such that the owner is entitled to an award of full costs and reasonable attorney’s fees, must include a requirement of reasonableness as to whether the amount of the lien is accurate.  When no amount is stated in the contract, the amount of the construction lien must be reasonably accurate for the lienholder to avoid liability for the owner’s costs and reasonable attorney’s fees.  The dictionary definition of “accuracy” is “freedom from mistake or error:  correctness . . . conformity to truth or to a standard or model:  exactness . . . degree of conformity of a measure to a standard or a true value.”  
Merriam-Webster’s Collegiate Dictionary
 9 (11th ed. 2005).  However, if the construction lien was ten dollars over the reasonable value of time and materials, it would be absurd to hold the owner has successfully contested the accuracy of the lien and is entitled to attorney’s fees and all costs.  This Court construes statutes to avoid absurd results.  N.D.C.C. § 1-02-

38(3); 
Blomdahl v. Blomdahl
, 2011 ND 78, ¶ 10, 796 N.W.2d 649.  It would be absurd to award an owner costs and attorney’s fees after challenging a lien suffering only from a de minimis mistake.  It would also be contrary to the legislative history of the statute, which was to prevent the filing of inflated construction liens in order to coerce an owner into settlement.  
Hearing on S.B. 2250
, 
supra
; 
see
 N.D.C.C. § 1-

02-39(1) and (3).

[¶8] Northern contends “accuracy” should be interpreted relative to the explanation of “inaccuracy” under N.D.C.C. § 35-27-16, which requires a lienholder to have “knowingly demanded” a greater amount in the lien than is actually owed in order to invalidate the lien.  Such an understanding requires reading the term “knowingly” into N.D.C.C. § 35-27-24.1, the fees and costs statute, when no such term exists.  The Legislature inserted the “knowingly” limitation in N.D.C.C. § 35-27-16 and could have done the same in the fees and costs statute, but did not.  Further, if the Legislature had wanted to make fees and costs available only when a lien was invalid, it could have excepted “accurate” from the fees and costs statute.  Because the statute includes circumstances when either the “validity or accuracy” of a lien is successfully contested, the words must encompass different situations.  The situation in the present case involves the accuracy of Northern’s lien, and, as the trial court noted, based on the verdict, Northern’s lien was inaccurate.

IV

[¶9] Because the court found Sisters of Mary successfully contested the accuracy of the lien, Sisters of Mary contends it is entitled to reimbursement for all of its attorney’s fees related to the litigation, not just the $3,231.00 awarded by the trial court.  Sisters of Mary focuses on the phrase “all costs and reasonable attorney’s fees” and claims the plain language of N.D.C.C. § 35-27-24.1 requires the court to award it all of its attorney’s fees related to the litigation.  We conclude Sisters of Mary’s interpretation is overly-broad.

[¶10] The Colorado Court of Appeals faced a similar problem interpreting a statute awarding “an amount equal to the costs and all attorney’s fees” when an owner establishes a lienholder knowingly files a lien in excess of the amount due.  
LSV, Inc. v. Pinnacle Creek, LLC
, 996 P.2d 188, 191 (Colo. App. 1999).  The court disagreed with the owner’s argument that the owner “be reimbursed for all of the attorney fees incurred by it in this case irrespective of the issue for which the fees were incurred[,]” and it explained a “literal interpretation of ‘all attorney fees’ . . . could lead to the absurd result that a party in a multiple-claim suit who prevails on other unrelated claims would be liable for all attorney fees of the other party even if the other party . . . prevailed on the excessive lien claim and no other.”  
Id.
 at 191-92.  The court ultimately held the owner was only entitled to the reasonable fees expended in defending the excessive lien claim.  
Id.
 at 192; 
see also
 
Lakloey, Inc. v. Ballek
, 211 P.3d 662, 667 (Alaska 2009) (affirming a trial court’s award of less than the fees requested because the reduction was consistent with a determination that not all of the fees were expended litigating the validity of the lien).

[¶11] We find the reasoning of the Colorado Court of Appeals persuasive.  We do not believe the Legislature intended to award an owner literally all of the costs and attorney’s fees arising out of a lawsuit when challenging a lien was not the only disputed cause of action.  Under N.D.C.C. § 35-27-24.1, a party who successfully contests the accuracy or validity of a construction lien is limited to recovering only those costs and fees reasonably expended contesting the lien.

[¶12] Sisters of Mary also contends it was improper for the trial court to attribute attorney’s fees to the various claims, as Sisters of Mary alleges all the claims were intertwined with challenging the lien.  We disagree with such a position.  As explained above, a party is entitled to attorney’s fees and costs associated with work done to challenge a lien, even if such work is also relevant to other causes of action, but not for work on unrelated claims.  To that extent, Sisters of Mary is entitled to attorney’s fees and costs incurred as part of contesting the accuracy of the lien, which includes the reasonable value of time and materials.  The trial court recognized that the “accuracy” of the lien is “inextricably interwoven with the underlying contractual issues.”  This fact does not preclude the owner from recovering attorney’s fees and costs—if reasonable for the establishment of the reasonable value of time and materials—in contesting the amount of the construction lien.  The trial court seemed to conclude if proof went to both the amount owed under the contract and the correct amount of the construction lien, Sisters of Mary could not recover attorney’s fees and costs.  There is nothing in the statute or the legislative history to support that conclusion.  We recognize that Sisters of Mary must provide the court with an itemization of its attorney’s fees and costs in order for the trial court to determine those related to the successful contest of the accuracy of the lien.  We reverse the award of attorney’s fees and costs and remand this issue to the trial court.

V

[¶13] The final issue raised on appeal is whether the trial court erred by awarding Northern its costs as the “prevailing party” under N.D.C.C. § 28-26-06.

[¶14] Section 28-26-06, N.D.C.C., provides for the payment of certain fees and expenses to a prevailing party.  “The determination of who is a prevailing party . . . is based upon success on the merits, not damages.”  
Dowhan v. Brockman
, 2001 ND 70, ¶ 11, 624 N.W.2d 690.  “A prevailing party is one ‘in whose favor a judgment is rendered, regardless of the amount of damages awarded.’” 
Id.
 (quoting 
Black’s Law Dictionary
 1145 (7th ed. 1999)).  To be deemed the prevailing party, typically, a party must successfully prosecute or defend the primary issue and win on the merits; “in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.”  
Lemer v. Campbell
, 1999 ND 223, ¶ 9, 602 N.W.2d 686.

[¶15] While “[t]he determination of who is a prevailing party . . . is based upon success on the merits, not damages[,]” in this case, it is difficult to separate these concepts from one another.  
Dowhan
, 2001 ND 70, ¶ 11, 624 N.W.2d 690.  Sisters of Mary’s liability to Northern for the work Northern performed on Sisters of Mary’s property was never at issue; rather, the focus of the case was the value of the time and materials provided by Northern.  According to the trial court, the “main issue in this litigation [was] how much [Northern] was owed for the work performed on [Sisters of Mary’s] property[,]” not whether Sisters of Mary owed Northern at all.  Northern sought approximately $98,000 in compensation, and Sisters of Mary urged the jury to award only approximately $47,000.  The jury’s award of approximately $81,000 clearly favored Northern.  Accordingly, Northern is the prevailing party and is entitled to reimbursement under N.D.C.C. § 28-26-06.

VI

[¶16] The district court did not err in deciding that Northern was the prevailing party entitled to costs or that Sisters of Mary successfully contested the accuracy of the construction lien.  However, because the district court misconstrued the fees and costs statute, we reverse in part and remand for the district court to determine the reasonable amount of attorney’s fees associated with contesting the accuracy of the construction lien.

[¶17] Mary Muehlen Maring

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom