# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 16

LAWC Holdings, LLC,                    Plaintiff, Appellee, and Cross-Appellant

v.

Vincent Watford, L.L.C.,                    Defendant, Appellant, and Cross-Appellee

### No. 20230087

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Monte L. Rogneby, Bismarck, ND, for plaintiff, appellee, and cross-appellant.

Kasey D. McNary, Fargo, ND, for defendant, appellant, and cross-appellee.

**Jensen, Chief Justice.**

[¶1]   Vincent Watford, L.L.C. appeals from a judgment of the district court following findings that Vincent had breached a contract for deed and ordering specific performance, finding LAWC Holdings, LLC, to be the prevailing party, the finding of the amount of recoverable attorney's fees, and denying Vincent an award of damages on its breach of contract claim. LAWC cross-appeals, asserting it was entitled to an award of damages and, in the event the judgment is reversed, the court erred in granting quiet title on two of the three parcels of real property at issue. We conclude the court's finding that Vincent had breached the parties' contract is not clearly erroneous, Vincent conceded that specific performance is an appropriate remedy if we affirm the breach of contract finding, the court did not err in denying LAWC an award of damages on its breach of contract claim, and LAWC waived its cross-appeal regarding title to parcels two and three. We further conclude LAWC is entitled to an award of attorney's fees on appeal. We affirm and remand for determination of a reasonable amount of attorney's fees on appeal.

I

[¶2]   Vincent and LAWC entered into three nearly identical contracts for deed for three parcels of property. The contracts differed only in the property descriptions and the purchase price for each of the parcels. The three parcels were separately referred to as the "front parcel," "middle parcel," and "back parcel." The purchases were not cross-collateralized.

[¶3]   The contract for deed for the front parcel required Vincent to deliver a warranty deed upon LAWC's full performance. LAWC paid $400,000 toward the front parcel at closing, and agreed to pay the balance as follows:

> $500,000 with interest thereon from the Effective Date payable in arrears at the rate of 10.5% per annum on the unpaid balances from time to time remaining, with interest-only payments thereon beginning April 1, 2016 and continuing on the first day of each and

every month thereafter until December 2, 2017, upon which date all sums due and payable hereunder shall be due and payable in full, unless sooner paid.

[¶4]   The purchase agreements all required LAWC to make monthly interest payments on the first of the month. LAWC was also required to make quarterly payments of $100,000 to be applied to the principal balance remaining on the three contracts. LAWC could designate which one of the three contracts Vincent was to apply the principal payment. Each time LAWC made a quarterly principal payment, LAWC directed Vincent to apply it against the front parcel. From April 2016 through April 2017, LAWC made interest-only payments and quarterly payments on the front parcel.

[¶5]   The contracts had the following relevant provisions:

4. <u>Late Payment Fee</u>. If any payment is not received by Seller within 10 days after notice from Seller that any payment was not received when due, Buyer shall additionally pay to Seller a late charge equal to 10% the delinquent amount.

. . . .

16. <u>Default</u>. . . . Should Buyer fail to perform a term of this Agreement (including without limitation the monthly payment required herein), then Seller shall give written notice of such default and Buyer shall have 90 days from the date of such notice to cure the default. Should Buyer fail after such 90-day period to perform, Seller may, at Seller's option, elect to declare this Agreement cancelled and terminated by notice to Buyer in accordance with this Agreement. . . .

. . . .

21. <u>Attorneys' Fees</u>. In any action between Buyer and Seller as a result of failure to perform or a default under this Agreement, the prevailing party shall be entitled to recover from the other party, and the other party shall pay to the prevailing party, the prevailing party's attorneys' fees and disbursements and court costs incurred in such action.

2

. . . .

23. <u>Notices</u>. Except as otherwise expressly provided in this Agreement to the contrary, all notices, consents, approvals, requests and other communications given pursuant to this Agreement shall be in writing and shall be (1) mailed by first-class, United States Mail, postage prepaid, certified, with return receipt requested, and addressed to the parties hereto at the address specified below, (2) hand delivered to the intended addressee, or (3) sent by a nationally recognized overnight courier service and addressed to the parties hereto at the address specified below. All notices shall be effective upon delivery to the address of the addressee (even if such addressee refuses delivery thereof). . . .

[¶6]   On May 9, 2017, LAWC made interest-only payments on the middle and back parcels. Two days later, LAWC informed Vincent it would like to pay off the entire front parcel. LAWC sent a full accounting of what it believed it owed, requested a payoff statement, and enclosed a contract for deed payoff statement showing a $200,000 principal balance on the front parcel. Vincent ignored the request and did not sign off on the front parcel or offer any other communication.

[¶7]   On June 13, 2017, Vincent emailed LAWC claiming late fees were due for the May 2017 payment. On June 21, 2017, LAWC paid $211,316.97 into an escrow account. Vincent did not sign off on the front parcel. On July 25, 2017, Vincent applied LAWC's payment to all three parcels as follows: $64,962.71 to the back parcel; $59,965.58 to the middle parcel; $39,977.05 to the front parcel; and $45,846.53 to what they claimed were late fees due under the contract.

[¶8]   Following a bench trial, the district court determined Vincent breached the contract for deed on the front parcel and ordered specific performance. The court found LAWC to be the prevailing party and awarded LAWC recovery of attorney's fees incurred in the litigation. The court did not award damages for Vincent's breach finding LAWC had failed to provide sufficient proof of the damages. Finally, the court cancelled the remaining two contracts and declared Vincent the fee simple owner of the middle and back parcels. This appeal followed.

## II

[¶9]   Vincent challenges the district court's findings that its actions breached the contract for deed to the front parcel. A breach of contract occurs "when there is nonperformance of a contractual duty when it is due." *Van Sickle v. Hallmark & Assoc., Inc.,* 2008 ND 12, ¶ 11, 744 N.W.2d 532 (quoting *Good Bird v. Twin Buttes Sch. Dist.*, 2007 ND 103, ¶ 9, 733 N.W.2d 601). "Whether a party has breached a contract is a finding of fact that will not be reversed on appeal unless it is clearly erroneous." *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 19, 736 N.W.2d 441. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Thompson v. Olson*, 2006 ND 54, ¶ 10, 711 N.W.2d 226.

[¶10] In finding Vincent had breached the contract, the district court made extensive findings detailing Vincent's conduct.

> It is undisputed that all previous payments were applied to the front parcel. It is also undisputed the last payment was spread out across all three parcels. It is undisputed LAWC made clear it wanted to pay off the front parcel. It is undisputed Vincent ignored the fact payments had always been applied to the front parcel and made the self-serving decision to apply the final payment in a manner completely inconsistent with prior actions. Vincent refused to cooperate with LAWC when they attempted to establish a final payment amount on the front parcel.

[¶11] From our review of the record, we conclude the district court's findings are sufficient to enable us to understand the court's decision. There is evidence to support the court's findings, the court did not misapply the law, and we are not left with a definite and firm conviction the court made a mistake. We therefore conclude the findings determining Vincent had breached the contract for deed for the front parcel are not clearly erroneous.

# III

[¶12] Vincent asserts the district court abused its discretion by awarding LAWC its costs and attorney's fees as the "prevailing party" under section 21 of the contract for deed. Section 21 provides:

> Attorneys' Fees. In any action between Buyer and Seller as a result of failure to perform or a default under this Agreement, the prevailing party shall be entitled to recover from the other party, and the other party shall pay to the prevailing party, the prevailing party's attorneys' fees and disbursements and court costs incurred in such action.

[¶13] Vincent argues that because both LAWC and Vincent prevailed on significant issues there is no prevailing party. We disagree. "The determination of who is a prevailing party . . . is based upon success on the merits, not damages." *Dowhan v. Brockman,* 2001 ND 70, ¶ 11, 624 N.W.2d 690. "If opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed." *Id.* A prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Black's Law Dictionary* 1351 (11th ed. 2019).

> Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.

*Dowhan,* at ¶ 11 (quoting *Lemer v. Campbell,* 1999 ND 223, ¶ 9, 602 N.W.2d 686).

[¶14] The district court found that although Vincent successfully defended LAWC's conversion claim and declared Vincent fee simple owner of the middle and back parcels, those issues were alternative claims and relatively minor issues in the litigation. After our review of the record, we conclude the underlying action was primarily a breach of contract and specific performance action related to the front parcel, and LAWC prevailed in establishing not only

5

that Vincent breached the contract, but also that LAWC was entitled to specific performance. LAWC prevailed on the merits of the main issue of the litigation as identified by the court. The contract for the front parcel provided attorney's fees *as a result of failure to perform*, the court found Vincent refused to execute a warranty deed after LAWC satisfied the terms of the contract, and found that Vincent had failed to perform as required by the contract. We conclude the court did not err in finding LAWC to be the prevailing party.

IV

[¶15] LAWC argues the district court erred when it concluded Vincent breached the contract, but awarded no damages. The court denied LAWC's claim for damages on Vincent's breach of the front parcel after finding LAWC failed to provide specific information the court could rely on to determine the damages, and the evidence presented by LAWC was speculative and not supported by independent facts. We affirm the court's denial of damages, concluding that LAWC was not entitled to a recovery of damages for the breach after requesting and receiving specific performance of the contract.

[¶16] Generally, a party cannot have specific performance of a contract and also damages for breach of the same contract. However, in some instances, a purchaser may recover damages from a seller for delay in conveying real property and the costs, if any, of recovering possession of the land. *Matrix Properties Corp. v. TAG Invs.*, 2002 ND 86, ¶ 10, 644 N.W.2d 601. In *Matrix*, we concluded that if a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may award damages only for a delay in conveying the land post-judgment. *Id*. at ¶¶ 12, 20.

[¶17] Also, "specific performance is an equitable action, it is available to enforce agreements even though the injured party may have a legal remedy for damages, because in many cases an action for damages would not afford adequate relief." *Dale Expl., LLC v. Hiepler*, 2018 ND 271, ¶ 9, 920 N.W.2d 750 (cleaned up). LAWC sought specific performance for Vincent's breach of contract and sought specific performance under the terms of the contract. It is within the district court's discretion to determine what the equitable remedy

6

may be. We conclude the court did not abuse its discretion denying damages when it granted the equitable remedy of specific performance for the breach. LAWC is not entitled to both performance of the contract through the remedy of specific performance and damages for Vincent's breach of contract. We conclude the court's denial of damages was not an abuse of discretion.

V

[¶18] Vincent argues the district court erred in taxing mediation fees and unrelated attorney's fees as allowable costs. Costs and disbursements are governed by N.D.C.C. §§ 28-26-06 and 28-26-10; *Courchene v. Delaney Distributors, Inc.,* 421 N.W.2d 811, 815 (N.D. 1988). An award of costs under N.D.C.C. § 28-26-10 is discretionary, and a district court's decision on an award of disbursements under N.D.C.C. § 28-26-06 will be overturned on appeal only if an abuse of discretion is shown. *Riemers v. Anderson,* 2004 ND 109, ¶ 14, 680 N.W.2d 280; *Andrews v. O'Hearn,* 387 N.W.2d 716, 732 (N.D. 1986).

[¶19] Some courts have concluded that mediation fees are recoverable litigation costs under specific statutory provisions regarding costs. *See, e.g., Miller v. Forsyth Memorial Hosp., Inc.,* 618 S.E.2d 838, 843 (N.C. Ct. App. 2005); *McConnell v. Mothers Work, Inc.,* 128 P.3d 128, 130 (Wash. Ct. App. 2006). Other courts have determined that mediation fees are not recoverable because they are not specifically authorized by statute, *see, e.g., Brisco-Wade v. Carnahan,* 297 F.3d 781, 782 (8th Cir. 2002); *J.C. Bldg. Corp. II v. Parkhurst Homes, Inc.,* 552 N.W.2d 466, 470 (Mich. Ct. App. 1996). The Supreme Court of Wisconsin held that a trial court erred in taxing the defendant for the pretrial mediation fees due in part because the right to recover costs is not synonymous with the right to recover all expenses of litigation. *See Kleinke v. Farmers Co-op. Supply & Shipping,* 549 N.W.2d 714, 717-18 (Wis. 1996). *Compare with* N.D.C.C. § 14-09.1-02 (court may order mediation in child custody, support, and visitation proceedings "at the parties' own expense"). *Heng v. Rotech Med. Corp.,* 2006 ND 176, ¶ 35, 720 N.W.2d 54. We need not resolve the general issue here, because while not specifically enumerated, the district court found the recoverable amount exceeded the claim, but limited the award to the amount claimed by LAWC.

7

[¶20] From our review of the record, we conclude there is evidence in the record to support the finding that, even if Vincent's challenges are correct, the amount of potential recovery exceeded the claims and the district court did not abuse its discretion in determining the amount of the award.

## VI

[¶21] LAWC argues in its cross-appeal that it is entitled to attorney's fees on appeal under Rule 38, N.D.R.App.P., and the parties' contract. "A successful litigant is not entitled to attorney's fees unless they are expressly authorized by statute or by agreement of the parties." *Gratech Co. v. Wold Eng'g, P.C.*, 2007 ND 46, ¶ 17, 729 N.W.2d 326. Vincent argues the parties did not include language allowing attorney's fees for an appeal—only the "action" resulting from a failure to perform. We do not conclude there is language in the contract explicitly limiting attorney's fees to those incurred in the district court proceedings. Because the agreement provided fees in *any action* to the prevailing party, appellate fees may also be awarded.

[¶22] "Although this Court and the trial court have concurrent jurisdiction to award attorney's fees on appeal, we have expressed our preference that the initial determination be made by the trial court." *Routledge v. Routledge*, 377 N.W.2d 542, 549 (N.D. 1985). Accordingly, we remand for the district court to determine what attorney's fees LAWC is entitled to on appeal.

## VII

[¶23] The district court's findings that Vincent breached the contract for deed for the front parcel and ordering specific performance, the determination that LAWC was the prevailing party, the finding of the amount of recoverable attorney's fees, and denial of an award of damages on Vincent's breach of contract claim were not erroneous. LAWC's cross-appeal asserting the court erred in granting quiet title on two of the three parcels of real property at issue was waived. We affirm and remand for determination of a reasonable amount of attorney's fees on appeal.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr