# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 52

| | |
|---|---|
| Whitetail Wave LLC, a Montana Limited Liability Company, | Plaintiff and Appellant |
| v. | |
| XTO Energy, Inc., a Delaware corporation, the Board of University and School Lands of the State of North Dakota, the State of North Dakota, | Defendants and Appellees |
| and | |
| Department of Water Resources and Director, | Intervenor, Defendant, and Appellee |

## No. 20230283

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua A. Swanson, Fargo, ND, for plaintiff and appellant.

David P. Garner (argued) and Matthew A. Sagsveen (on brief), Assistant Attorneys General, Bismarck, ND, for defendants and appellees the Board of University and School Lands of the State of North Dakota and the State of North Dakota; intervenor, defendants, and appellee Department of Water Resources and Director.

Spencer D. Ptacek (argued) and Lawrence Bender (on brief), Bismarck, ND, for defendant and appellee XTO Energy, Inc.

**Jensen, Chief Justice.**

[¶1] Whitetail Wave LLC appeals from a judgment determining the ownership of property in its favor but dismissing its claims against the State entities, dismissing its claim against XTO Energy, Inc. for the underpayment of royalties, and awarding XTO a recovery of its attorney's fees incurred in this litigation. We conclude the district court did not err in dismissing Whitetail's claim asserting an unconstitutional taking against the State, did not err in dismissing Whitetail's claim against XTO for the non-payment of royalties, and did not err in awarding XTO recovery of its attorney's fees. We affirm the judgment.

I

[¶2] Whitetail acquired title to property located in McKenzie County described as:

> Township 154 North, Range 96 West
> Section 25: Lot 5 (49.20)
> Section 26: Lot 7 (33.60), SW/4SW/4, S/2SE/4
> Section 27: Lot 8 (35.10), SE/4SW/4, SW/4SE/4
> Section 34: NW/4NE/4, S/2NE/4, W/2SE/4, SE/4SE/4
> Section 35: N/2, N/2S/2, SW/4SW/4

[¶3] In 2004, Whitetail entered into an oil and gas lease for the property with XTO's predecessor, Headington Oil. Under the terms of the lease, Whitetail was entitled to royalty payments from XTO. In 2009, the Board of University and School Lands leased oil and gas minerals beneath the Missouri River to XTO in Section 27, Township 154 North, Range 96 West.

[¶4] In 2015, Whitetail sued the Board, the State of North Dakota, and XTO to quiet title to the mineral interests associated with the property. Whitetail also asserted XTO had breached their lease agreement, XTO had failed to make required royalty payments for the production from the McPete Federal 34X-34 well (McPete unit) comprised of Sections 27 and 34, and the State's

1

assertion of an interest in the mineral interests constituted an unconstitutional taking without just compensation. In response to the quiet title action involving the leased mineral interests, XTO suspended royalty payments to Whitetail.

[¶5] The Board, State of North Dakota, and Department of Water Resources (collectively "State") moved for summary judgment. The district court granted the State's motion, concluding N.D.C.C. ch. 61-33.1 applied and provided the State with ownership of 209.71 minerals in the south half of Section 27 because those mineral interests were within the ordinary high watermark as defined within N.D.C.C. ch. 61-33.1. Specifically, the State owns 85.79 acres in the SE1/4 of Section 27 and 123.92 acres in the SW1/4 of Section 27. Whitetail owns the remaining acres in the south half of Section 27. XTO moved for summary judgment. The court granted XTO's motion concluding XTO was within the safe harbor provision provided by N.D.C.C. § 47-16-39.1 and did not breach the parties' lease agreement when it withheld the royalty payments. The judgment was silent with regard to the quiet title action as it related to Sections 25, 26, 34, and 35.

[¶6] Whitetail appealed from the judgment. *Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, 980 N.W.2d 200. We dismissed Whitetail's first appeal, concluding the judgment was not final because it did not dispose of all claims asserted in the action. Specifically, we stated, "Whitetail's claim to quiet title in Sections 25, 26, 34 and 35 remains unresolved." *Id.* at ¶ 5.

[¶7] Following dismissal of Whitetail's appeal, the parties entered into a stipulation resolving the remaining quiet title claims as to Sections 25, 26, 34, and 35, as well as that portion of Section 27: Lot 8, SE/4SW/4, SW/4SE/4 that is above the ordinary high watermark. This appeal followed.

II

[¶8] Whitetail argues the district court erred in deciding the State did not commit an unconstitutional taking of Whitetail's property. It contends the State claimed an interest in Whitetail's property and interfered with Whitetail's exercise of its interest. Whitetail does not differentiate the takings

clause in the U.S. Constitution from the North Dakota Constitution, analyzing these claims together. U.S. Const. amend. V; N.D. Const. art. 1, § 16. Because no party asserts the text or history of the state constitutional provision requires us to apply a different standard, we analyze the federal and state takings challenges together. *Northwest Landowners Ass'n v. State*, 2022 ND 150, ¶ 23, 978 N.W.2d 679.

[¶9] The Fifth Amendment guarantees that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. "The takings clause of the Fifth Amendment is made applicable to the states through the Fourteenth Amendment." *Wild Rice River Estates, Inc. v. City of Fargo*, 2005 ND 193, ¶ 12, 705 N.W.2d 850. Article I, § 16, of the North Dakota Constitution states that "[p]rivate property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner[.]" "Whether there has been a taking of private property for public use is a question of law." *Wilkinson v. Bd. of Univ.* ("*Wilkinson I*"), 2017 ND 231, ¶ 22, 903 N.W.2d 51. The trial court's findings of fact will not be set aside unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Wild Rice River*, at ¶ 10.

[¶10] This action was initiated by Whitetail to quiet title to Sections 25, 26, 27, 34, and 35. The State, in response to the quiet title action, plead a general denial to Whitetail's claims, including Whitetail's claims with respect to Sections 25, 26, 34, and 35. Whitetail contends the State had no basis to assert a claim to any minerals outside of Section 27, and the State's response to the quiet title action was an unconstitutional taking with regard to Sections 25, 26, 34 and 35.

[¶11] In *Wilkinson v. Board of University*, we held that a title dispute by itself does not establish a taking. 2022 ND 183, ¶ 23, 981 N.W.2d 853 ("*Wilkinson III*") (citing *Mackin v. City of Coeur D'Alene*, 551 F. Supp. 2d 1205 (D. Idaho 2008), *aff'd*, 347 F. App'x 293 (9th Cir. 2009)). "The State may protect its interests in a title dispute and must do 'something more' than assert title to complete a taking." *Id.* at ¶ 43.

[¶12] We conclude this action, initiated as a title dispute to quiet title to particular mineral interests, does not include the "something more" necessary for a taking. To protect the public interest in sovereign lands, the State may have to litigate a quiet title action to determine the extent of its sovereign lands along navigable waters when the boundaries are disputed. *State ex rel. Sprynczynatyk v. Mills*, 523 N.W.2d 537, 540 (N.D. 1994). The State's act of responding to the quiet title action is insufficient to be the "something more." *Wilkinson III*, 2022 ND 183, ¶ 43.

[¶13] Because Whitetail has not demonstrated the State committed a taking in violation of the federal or state constitutions, the district court did not err in dismissing the takings claim.

III

[¶14] Whitetail argues the district court erred in holding XTO did not breach its lease with Whitetail and XTO's withholding of royalty payments fell within the safe harbor provisions of N.D.C.C. § 47-16-39.1. Whitetail claims the court found that only a portion of the interest covered by the lease was disputed, and therefore XTO breached the lease by failing to pay royalties for the portion of the lease covering undisputed interest.

[¶15] Section 47-16-39.1(1), N.D.C.C., provides that a failure to pay oil and gas royalties constitutes a breach of the obligation arising under the oil and gas lease. The safe harbor provision provides, "This section does not apply . . . *in the event of a dispute of title existing that would affect distribution of royalty payments*[.]" *Id.* (emphasis added).

[¶16] In *Vic Christensen Mineral Trust v. Enerplus Resources Corporation*, this Court interpreted N.D.C.C. § 47-16-39.1 and held the safe harbor provision applied and suspension of royalty payments was lawful when there was a dispute of title that would affect distribution of royalty payments. 2022 ND 8, ¶¶ 10-12, 969 N.W.2d 175. We also held suspension of all royalty payments is justified when there is a title dispute, including the payments from a portion of the royalty interests held that ownership was undisputed. *Id.* at ¶ 12.

4

[¶17] There was a dispute over the ownership of at least some of the mineral interests covered by the lease between Whitetail and the State creating a "dispute of title" that would affect Whitetail's royalty payments from XTO. As we held in *Vic Christensen Mineral Trust*, the statute allows suspension of all payments by the unit operator to a mineral owner even though only a portion of the owner's interests were in dispute, and XTO lawfully suspended royalty payments to Whitetail for the McPete unit. We conclude the district court did not err in finding a dispute of title existed that allowed XTO to lawfully suspend royalty payments to Whitetail for minerals covered by their lease, and that XTO did not breach its lease with Whitetail.

IV

[¶18] Whitetail asserts the district court erred by awarding XTO its costs and attorney's fees as the prevailing party under N.D.C.C. § 47-16-39.1. Whitetail argues it prevailed on its quiet title action, with the exception of the minerals in Section 27 below the ordinary high watermark, and the court erred in determining XTO was the prevailing party in this litigation.

[¶19] In *Van Sickle v. Hallmark & Associates, Inc.*, 2013 ND 218, ¶ 44, 840 N.W.2d 92 (quoting *Carpenter v. Rohrer*, 2006 ND 111, ¶¶ 34-35, 714 N.W.2d 804), this Court explained as follows:

> Determining who is a prevailing party for an award of disbursements under N.D.C.C. § 28-26-06 is a question of law, subject to de novo review, while the question of the amount to be allowed for disbursements and costs is one of fact, subject to an abuse of discretion standard. *Nesvig v. Nesvig,* 2006 ND 66, ¶ 34, 712 N.W.2d 299. The determination of who is a prevailing party entitled to recover necessary disbursements under N.D.C.C. § 28-26-06 is based upon success on the merits, not damages. *Dowhan v. Brockman,* 2001 ND 70, ¶ 11, 624 N.W.2d 690 (citing *Lemer v. Campbell,* 1999 ND 223, ¶ 9, 602 N.W.2d 686). If opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed. *Dowhan,* at ¶ 11. A prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Black's Law Dictionary* 1154 (8th ed. 2004).

> "Generally, the prevailing party . . . is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue . . . the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered." *Dowhan v. Brockman*, 2001 ND 70, ¶ 11, 624 N.W.2d 690.

[¶20] The district court determined XTO successfully defended against Whitetail's claim, prevailed on the main issue (*i.e.*, the issue of whether Whitetail was entitled to statutory interest or cancellation of its lease under N.D.C.C. § 47-16-39.1), and had judgment entered in its favor. We conclude the court did not err in finding XTO to be the prevailing party.

V

[¶21] We conclude the district court did not err in dismissing Whitetail's claim of an unconstitutional taking asserted against the State when the State's actions were limited to a title dispute, did not err in dismissing Whitetail's claim asserted against XTO for the non-payment of royalties because XTO fell within the safe harbor provision of N.D.C.C. § 47-16-39.1, and did not err in awarding XTO a recovery of its attorney's fees as the prevailing party. The judgment is affirmed.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr