Edward J. TROUTMAN and Debra K. Troutman, Plaintiffs and Appellees,

v.

PIERCE, INC., a North Dakota Corporation, Defendant and Appellee,

and

Schult Home Corporation, a foreign corporation, Defendant and Appellant.

Civ. No. 11227.

Supreme Court of North Dakota.

March 26, 1987.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, for plaintiffs and appellees; argued by William E. McKechnie.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee; argued by Jon R. Brakke.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant; argued by Donald L. Peterson.

GIERKE, Justice.

Schult Home Corporation (Schult) appeals from a judgment granting Edward J. and Debra K. Troutman a revocation of acceptance of a mobile home manufactured by Schult and purchased by the Troutmans from Pierce, Inc. (Pierce). We affirm the judgment and remand for a determination of costs, expenses and attorney fees on appeal.

On March 19, 1982, Troutmans purchased from Pierce a new mobile home manufactured by Schult. Soon after the mobile home was placed in a mobile home park in Williston, Troutmans discovered a number of minor problems which were remedied by Pierce or Schult. A moisture or water problem, however, that led to saturated walls, accumulations of water on the mobile home floor, and warped siding was not remedied by either Schult or Pierce.

By letter of September 22, 1983, to Pierce, the Troutmans sought to revoke their acceptance of the mobile home. The letter stated in part:

"The outside walls were installed incorrectly and do not prevent rain from seeping through the insulation and set-

tling on the floors of the inside living area. The water seepage has already necessitated the replacement of the lower half of our inside walls on one occasion. The steps taken to date to prevent the water from coming through the outside walls have failed."

Pierce refused to accept the revocation of acceptance.

By complaint dated November 18, 1983, Troutmans sued Pierce and Schult for revocation of acceptance of the mobile home, damages, costs and disbursements, and attorney fees. Pierce crossclaimed against Schult for contribution or indemnity. Troutmans moved out of the mobile home in January 1984.

The action was tried to a jury which returned a special verdict in which it found that: (1) Schult, but not Pierce, had breached express and implied warranties; (2) Schult and Pierce were given reasonable notice of defects in the home and were given a reasonable opportunity to remedy them; (3) there were no "substantial defects ... not remedied which were the responsibility of the defendant Pierce, Inc."; (4) there were "substantial defects ... not remedied which were the responsibility of the defendant Schult Home Corporation"; (5) defects which were the responsibility of Schult constituted breaches of express and implied warranties; (6) unremedied defects in the mobile home substantially impaired the value of the mobile home to the Troutmans; (7) Troutmans had paid $6,591.00 on the purchase of the mobile home; (8) Troutmans had sustained incidental and consequential damages of $7,000.00 as a consequence of the defect in the mobile home; and (9) Troutmans had received no reasonable use value in occupying the mobile home. The jury awarded the Troutmans interest on their damages at the rate of 6%.

The trial court reduced the incidental and consequential damages to $1,500.00. The judgment decreed that Troutmans validly revoked their acceptance of the mobile home and ordered: (1) that Troutmans recover $8,091.00 plus interest at the rate of 6% per annum from the date of revocation to November 22, 1985; (2) that Troutmans recover from Schult attorney fees of $8,500.00 plus interest from November 22, 1985, at a rate of 12% per annum; (3) that Troutmans recover from Schult costs and disbursements of $1,398.35 plus interest at the rate of 12% per annum; and (4) that Pierce have indemnity from Schult.

Pierce asserts that Schult's appeal, as it relates to Pierce, was untimely and should be dismissed. We conclude that the appeal, which was from the amended judgment on remittitur, was not untimely.

Schult asserts that the trial court erred in determining that Troutmans had validly revoked their acceptance of the mobile home because the jury found that Pierce was not responsible for any of the unremedied defects.

Section 41–02–71(2–608), N.D.C.C., provides:

"*41–02–71. (2–608) Revocation of acceptance in whole or in part.*

"1. The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

"a. On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

"b. Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"2. Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"3. A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

The buyer's right of revocation is not conditioned upon whether it is the sell-

er or the manufacturer that is responsible for the nonconformity. Under § 41–02–71(2–608), N.D.C.C., a buyer is entitled to revoke his acceptance of a unit if a "nonconformity substantially impairs its value to him," regardless of whether it is the seller or the manufacturer that is responsible for the nonconformity. The jury found that there were substantial defects in the mobile home that substantially impaired its value to the Troutmans and constituted breaches of express and implied warranties. The jury also found that Schult and Pierce were given reasonable notice of the defects and a reasonable opportunity to remedy the defects. Thus, the trial court did not err in determining that the Troutmans had validly revoked their acceptance of the mobile home.

Schult asserts that there was no evidence from which the jury could find damages under § 41–02–93(2), N.D.C.C., and that the Troutmans are therefore limited to their proven incidental and consequential damages. Section 41–02–93(2–714), N.D.C.C., upon which Schult relies, provides:

"*41–02–93. (2–714) Buyer's damages for breach in regard to accepted goods.*

"1. Where the buyer has accepted goods and given notification (subsection 3 of section 41–02–70) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

"2. The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

"3. In a proper case any incidental and consequential damages under the next section may also be recovered."

The official comment to U.C.C. § 2–714 (§ 41–02–93, N.D.C.C.) states that "[t]his section deals with the remedies available to the buyer after the goods have been ac-

cepted and the time for revocation of acceptance has gone by." We have already determined that the Troutmans validly revoked their acceptance of the mobile home. Thus, the time for revocation of acceptance had not passed and this section is inapplicable.

■ Under § 41–02–90(2–711), N.D.C.C., a buyer who justifiably revokes acceptance may recover "so much of the price as has been paid," damages and expenses. The jury found that Troutmans had paid $6,591.00 on the purchase of the mobile home, and Troutmans are entitled to recover that amount under § 41–02–90, N.D.C.C., in addition to their incidental and consequential damages of $1,500.00 allowed under §§ 41–02–92(2–713) and 41–02–94(2–715), N.D.C.C.

Schult asserts that the jury's finding that the mobile home had no reasonable use value is clearly erroneous. The "clearly erroneous" standard of review is inapplicable to review of factual determinations by a jury. *See* Rule 52(a), N.D.R.Civ.P. In jury cases our "review of questions of fact is limited to consideration of whether or not there is substantial evidence to sustain the jury's verdict. In reviewing the evidence, we view it in the light most favorable to the verdict." *Johnson v. Northwestern Bell Tel. Co.,* 338 N.W.2d 622, 625 (N.D. 1983).

In their notice of revocation, the Troutmans asserted that the outside walls did "not prevent rain from seeping through the insulation and settling on the floors" and that "water seepage has already necessitated the replacement of the lower half of our inside walls." There was testimony that there was water in a closet and under a bed; that sheetrock was saturated; that when interior paneling was removed, "[y]ou could look out and you could see some daylight"; that exterior siding was warped; that Mrs. Troutman received a shock when she plugged a hairdryer into a bathroom electric outlet which was found to have water in it; that the electric circuit breaker for the bathroom "kept throwing out"; that the mobile home was "unfit for

living"; that the Troutmans "wouldn't have rented it with those defects"; and that the reasonable rental value of the mobile home was "[n]othing."

■ Viewing the evidence of the conditions in which the Troutmans and their infant daughter lived as a result of the defects in the mobile home in the light most favorable to the verdict, we conclude that there is substantial evidence to sustain the jury's finding that the Troutmans received no reasonable use value in their occupancy of the mobile home.

Schult asserts that it should not be required to indemnify Pierce. In support of this position, Schult asserts that the Troutmans were not entitled to revoke their acceptance against either Pierce or Schult, the jury "exonerated" Pierce from any fault, and thus there is "no joint liability on the part of Schult for which Pierce should be indemnified."

■ We have already determined that the Troutmans were entitled to revoke their acceptance of the mobile home. The fact that the jury exonerated Pierce is precisely why Pierce is entitled to indemnification. Indemnity may be allowed " '(1) Where the one seeking indemnity has only a derivative or vicarious liability for damages caused by the one sought to be charged.' " *Herman v. General Irrigation Co.*, 247 N.W.2d 472, 480 (N.D.1976), *quoting Sayler v. Holstrom*, 239 N.W.2d 276, 280 (N.D.1976). "[I]ndemnity is an equitable doctrine not amenable to hard and fast rules. If a seller does no active wrong and does not alter the product before it is sold, he is entitled to indemnity." *Herman v. General Irrigation Co., supra*, 247 N.W.2d at 480. The jury found that Schult, but not Pierce, was responsible for the defects in the mobile home. Those defects substantially impaired the value of the mobile home to the Troutmans, justifying their revocation of acceptance, which subjected Pierce to liability for the return of that part of the purchase price paid by the Troutmans. In our view, the trial court did not err in ordering that Schult indemnify Pierce.

Schult asserts that the jury's award of interest on damages at the rate of 6% per annum is clearly erroneous. The judgment provides for prejudgment interest from the date of revocation of acceptance. Schult presents three reasons why interest is not proper: (1) the notice of revocation was not proper; (2) the jury did not determine a time from which interest would run; and (3) interest is not proper for breach of contract.

■ In *Erling v. Homera, Inc.*, 298 N.W.2d 478, 484 (N.D.1980), we noted that interest at 6% per annum was consistent with § 47–14–05, N.D.C.C. Absent "a specific contractual rate of interest, prejudgment interest must be calculated at the prescribed legal rate." *Hirschkorn v. Severson*, 319 N.W.2d 475, 480 (N.D.1982). *See also Bismarck Realty Co. v. Folden*, 354 N.W.2d 636 (N.D.1984). Interest runs from the date of revocation. *See Johnson v. GMC, Chevrolet Motors Div.*, 233 Kan. 1044, 668 P.2d 139 (1983); *Erling v. Homera, Inc., supra*. Thus it was not necessary for the jury to determine the time from which interest would run. Interest is proper for breach of contract. *See §§ 47–14–05 and 47–14–07, N.D.C.C. We find no error in the award of prejudgment interest from the date of revocation at a rate of 6% per annum.

Schult asserts that the trial court abused its discretion in awarding attorney fees of $8,500.00 pursuant to that part of the Magnuson-Moss—Federal Trade Commission Improvement Act (Pub.L. 93–637, Jan. 4, 1975, 88 Stat. 2183) codified at 15 U.S.C.A. § 2310(d), which provides:

"*(d)(1)* Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

"*(A)* in any court of competent jurisdiction in any State or the District of Columbia; or

*"(B)* in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

*"(2)* If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate."

■ The Troutmans successfully revoked their acceptance of the mobile home, recovered all of the purchase price that they had paid, and recovered incidental and consequential damages. They did not recover the punitive damages or damages for mental distress that they sought. While the Troutmans did not prevail on every issue they raised in their pleadings, there is no doubt that they prevailed in the action and that it was therefore within the trial court's discretion to award reasonable attorney fees under the Magnuson-Moss Act.

■ "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The trial court had before it bills for legal services to the Troutmans based on 83.4 hours at a rate of $80 per hour, 19.4 hours at a rate of $75 per hour, and 30.05 hours at $65 per hour. Troutmans' counsel asserted that 5% to 10% of his time was spent on issues on which he did not prevail. Schult's counsel argued to the court that "I think they are somewhat—the hours are somewhat puffed and I think they are a little high for the case." The trial court was in a better position than we to assess that contention. The trial court considered the Troutmans' request for attorney fees in light of the guidelines enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974). The court reduced the requested attorney fees by 15%, which the court allocated to time spent on issues on which the Troutmans did not prevail. *See Hensley v. Eckerhart, supra.* We are not persuaded that the trial court abused its discretion in awarding $8,500.00 in attorney fees under the Magnuson-Moss Act.

■ The trial court allowed to the Troutmans travel and lodging expenses incurred by their attorney during the conduct of the trial at Minot. Schult asserts that "[t]he specific language of the Magnuson-Moss Act does not provide for the award of costs such as the Court allowed." 15 U.S. C.A. § 2310(d)(2) authorizes the court to allow a prevailing consumer to recover "the aggregate amount of costs and expenses ... reasonably incurred ... in connection with the commencement and prosecution" of the action. The language employed in the statute is sufficiently broad as to encompass travel and lodging expenses incurred by plaintiffs' attorney during the trial. The costs of travel and lodging incurred by their attorney are "expenses" which, if not allowed to them by the trial court, would have to be borne by the Troutmans in pursuing their claims against Schult for breach of warranty. We are not persuaded by the arguments presented that the trial court abused its discretion in allowing the contested expenses.

■ The Troutmans have asserted that they are entitled to additional costs and attorney fees incurred on this appeal. We agree. *See Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *McManama v. Lukhard,* 616 F.2d 727 (4th Cir.1980); *Morrow v. Dillard,* 580 F.2d 1284 (5th Cir.1978). We do not believe that a prevailing consumer's attorney-fee award under the Magnuson-Moss Act at the trial level should be dissipated by uncompensated costs, expenses and attorney fees in successfully defending a judgment on appeal.

The judgment is affirmed and the matter is remanded for a determination of the amount of costs, expenses, and attorney fees to be allowed the Troutmans for this appeal.

ERICKSTAD, C.J., VANDE WALLE, and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.