Crothers, Justice.
 

 [¶ 1] Rocky Mountain Steel Foundations, Inc., appeals from a judgment invalidating its oil and gas construction liens and awarding attorney fees to Mitchell's Oil Field Services, Inc., also known as Wood Group, and Travelers Casualty and Surety Company of America (collectively "Mitchell's"). We reverse the judgment and remand, concluding the district court erred as a matter of law by finding N.D.C.C. § 35-24-04 invalidated Rocky Mountain's liens and in awarding Mitchell's statutory attorney fees.
 

 I
 

 [¶ 2] The parties stipulated to the following facts:
 

 1. On May 22, 2014 Mitchell's, as general contractor, entered into a contract with Brockett Company, LLC, as subcontractor, and Amber Brockett, as personal guarantor (collectively "Brockett"), to purchase construction materials for installation on certain oil wells.
 

 2. On May 22, 2014 Brockett purchased materials from Rocky Mountain to fulfill Brockett's contract with Mitchell's.
 

 3. On June 12, 2014 Mitchell's paid Brockett in full.
 

 4. On June 20, 2014 Rocky Mountain delivered the materials. Mitchell's installed the materials.
 

 5. On October 24, 2014 Rocky Mountain recorded two oil and gas well liens against the wells because Brockett had not paid Rocky Mountain. Rocky Mountain sent written notice of the liens by certified mail. The owners received notice on or about November 11, 2014.
 

 6. On November 20, 2014 Mitchell's recorded lien release bonds with the
 
 *673
 
 McKenzie County Recorder. The liens were attached to the bonds.
 

 7. On December 24, 2014 and January 15, 2015 Mitchell's received payment in full.
 

 8. On August 10, 2015 Rocky Mountain filed to foreclose on the liens.
 

 9. The parties agree Mitchell's paid Brockett in full before Rocky Mountain delivered the materials to the wells and before Mitchell's or the leaseholders received notice of the liens.
 

 10. The parties agree Rocky Mountain timely and properly satisfied all statutory and other requirements to create, perfect, and foreclose on the liens.
 

 [¶ 3] Rocky Mountain recorded the liens on well leaseholds by ConocoPhillips Company and Burlington Resources Oil & Gas Co. (the "owners"). The owners are not parties to this case because Mitchell's bonds replaced the wells as security for the liens. N.D.C.C. § 35-24-13(4). Brockett did not answer or appear at any hearings and admitted to nonpayment, but asserts it has no assets with which to pay. The district court granted summary judgment in favor of Rocky Mountain for its breach of contract claim against Brockett.
 

 [¶ 4] The parties submitted their remaining claims to the district court solely on interpretation of the oil and gas construction liens provided by N.D.C.C. ch. 35-24. The court found N.D.C.C. § 35-24-04 invalidated Rocky Mountain's liens after the owners paid Mitchell's:
 

 "In the present case, Mitchell's is the 'original contractor.' N.D.C.C. §§ 35-24-01(8) and -02. Therefore, [Rocky Mountain]'s liens are limited to the extent Mitchell['s] was statutorily able to file a lien. The stipulated facts indicate the well owner has fully paid Mitchell's. Mitchell's does not have a statutory right to file a lien on the wells for the value of [Rocky Mountain]'s materials. The Court finds that [Rocky Mountain] is not entitled to file a lien on the wells. N.D.C.C. § 35-24-04."
 

 The district court granted summary judgment in favor of Mitchell's and awarded Mitchell's attorney fees under N.D.C.C. § 35-24-19. Rocky Mountain appeals.
 

 II
 

 [¶ 5] The primary issue is whether N.D.C.C. § 35-24-04 permits a subcontractor's oil and gas construction lien when an owner has fully paid a general contractor. Our standard of review for statutory interpretation is well-established:
 

 "Statutory interpretation is a question of law and is fully reviewable on appeal. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed together to give effect to each word and phrase, and all parts of a statute must be construed to have meaning. N.D.C.C. § 1-02-07. If the language of a statute is clear and unambiguous, the language may not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05."
 

 Schmidt v. City of Minot
 
 ,
 
 2016 ND 175
 
 , ¶ 7,
 
 883 N.W.2d 909
 
 (citation omitted).
 

 [¶ 6] Rocky Mountain argues the district court erred in finding Rocky Mountain's liens were invalidated when the owners fully paid Mitchell's. We agree. Section 35-24-02, N.D.C.C., allows contractors to file liens for unpaid materials furnished or services rendered "in the drilling or operating of any oil or gas well upon such leasehold."
 

 "Any person who shall, under contract, perform any labor or furnish any
 
 *674
 
 material or services as a subcontractor under an original contractor or for or to an original contractor or a subcontractor under an original contractor, is entitled to a lien upon all the property upon which the lien of an original contractor may attach to the same extent as an original contractor...."
 

 N.D.C.C. § 35-24-04. " 'Original contractor' means any person for whose benefit a lien is prescribed under section 35-24-02." N.D.C.C. § 35-24-01(8).
 

 "Nothing in this chapter may be deemed to fix a greater liability upon an owner in favor of any claimant under an original contractor than the amount for which the owner would be liable to the original contractor;
 
 provided, however, that the risk of all payments made to the original contractor is upon the owner after the receipt of notice that a lien is claimed by a person other than the original contractor
 
 ...."
 

 N.D.C.C. § 35-24-07 (emphasis added). " 'Owner' means a person holding any interest in the legal or equitable title or both to any leasehold for oil or gas purposes ... or that person's agent...." N.D.C.C. § 35-24-01(9).
 

 [¶ 7] The plain wording of N.D.C.C. §§ 35-24-04 and -07 protects an owner from liability greater than the original contract
 
 unless
 
 that owner receives notice of a subcontractor's lien and subsequently pays the general contractor rather than the subcontractor. Here, Rocky Mountain furnished materials for Brockett. Brockett and Rocky Mountain are "a subcontractor under an original contractor" for purposes of § 35-24-04. Brockett did not pay Rocky Mountain. Mitchell's is an "original contractor" for purposes of §§ 35-24-04 and -07. Rocky Mountain recorded its liens on October 24, 2014. Rocky Mountain's liens attached to the owners' wells "to the same extent as an original contractor."
 
 See
 
 N.D.C.C. § 35-24-04.
 

 [¶ 8] On or about November 11, 2014 the owners received notice of the liens "by a person other than the original contractor," i.e. Rocky Mountain.
 
 See
 
 N.D.C.C. § 35-24-07. The owners fully paid Mitchell's on January 15, 2015, approximately two months after receiving notice of Rocky Mountain's liens. Under the statute, the risk of this payment failing to satisfy the lien was on the owners because they received the lien notice
 
 before
 
 paying. Mitchell's obtained lien release bonds for the wells, but that "substitution" does not change the fundamentals of Rocky Mountain's foreclosure.
 
 See
 
 N.D.C.C. § 35-24-13 (allowing owner or contractor to file a bond taking the place of the property on which a lien is asserted).
 

 [¶ 9] Mitchell's asserts the owners' payment extinguished liability, thus extinguishing Mitchell's or Rocky Mountain's entitlement to file a lien. Citing the Oklahoma Supreme Court's interpretation of a similar oil and gas construction lien statute, Mitchell's contends: (1) if an owner has no liability to a general contractor, the general contractor may not file a lien; (2) a subcontractor's ability to file a lien is the same as a general contractor; and (3) therefore, if the general contractor may not file a lien, a subcontractor may not file a lien. In
 
 Josey Oil Co. v. Ledden
 
 , a drilling contractor abandoned its work when it still owed payment to various subcontractors.
 
 162 Okla. 262
 
 ,
 
 20 P.2d 582
 
 (1933). The Oklahoma Supreme Court held, "When it is shown that the original contractor cannot have a lien upon the property of the owner ... then his subcontractors can have no lien upon specific property under the subcontractor's lien statute."
 

 Id.
 

 at 583
 
 . The three Oklahoma cases cited by Mitchell's follow a similar pattern: the general contractor abandoned drilling a well
 
 *675
 
 or breached the contract, the subcontractor did not receive payment, the subcontractor filed a lien, and the court invalidated the subcontractor's lien because the general contractor was not entitled to a lien.
 
 See
 

 Conservation Oil Co. v. Graper
 
 ,
 
 173 Okla. 127
 
 ,
 
 46 P.2d 441
 
 , 443-44 (1935) ;
 
 Brenner Oil Co. v. Dickason-Goodman Lumber Co.
 
 ,
 
 108 Okla. 257
 
 ,
 
 236 P. 44
 
 , 45 (1925) ;
 
 Cameron Ref. Co. v. Jerman
 
 ,
 
 110 Okla. 272
 
 ,
 
 238 P. 437
 
 , 437-48 (1925).
 

 [¶ 10] In the Oklahoma cases, the contractor's breach or abandonment left the owner without a completed well, thus extinguishing the owner's liability to the contractor before the subcontractors filed their liens. The Oklahoma Supreme Court suggested the subcontractors' remedy lay in equity, not in a statutory lien. Here, however, Mitchell's did not breach its contract with the owners, and the owners were liable under the contract when Rocky Mountain filed its liens. The owners assumed the risk of double payment when they paid Mitchell's after receiving notice of the liens under N.D.C.C. § 35-24-07 rather than directly paying Rocky Mountain. Thus, full payment to Mitchell's did not invalidate Rocky Mountain's liens under the statute, and Rocky Mountain may foreclose the liens.
 

 [¶ 11] Mitchell's argues N.D.C.C. § 35-27-02, on general construction liens, is instructive because we have not interpreted the oil and gas construction lien statutes. Section 35-27-02, N.D.C.C., provides, "If the owner or an agent of the owner has paid the full price or value of the contribution, no lien is allowed." We have interpreted § 35-27-02 to invalidate a lien when the owner demonstrates it has paid the full value of the subcontractor's contribution.
 
 See
 

 Kirkland v. Oberquell
 
 ,
 
 405 N.W.2d 21
 
 , 23 (N.D. 1987) (holding subcontractors' construction liens void where homeowners had already paid full value). The general construction lien statute, § 35-27-02, substantially differs from the oil and gas construction lien statutes in §§ 35-24-04 and -07. Under N.D.C.C. § 1-02-07, "[s]pecific provisions control over general provisions."
 
 In re Milbrath
 
 ,
 
 508 N.W.2d 360
 
 , 363 (N.D. 1993). The specific oil and gas construction lien statute controls over the general construction lien statute so that our interpretation of N.D.C.C. § 35-27-02 is not instructive here.
 

 [¶ 12] Under N.D.C.C. § 35-24-07 an owner's full payment of the general contractor after receiving notice of a subcontractor's lien does not invalidate the lien. Rocky Mountain filed its liens and provided appropriate notice before the owners paid Mitchell's. The parties agree Rocky Mountain properly created, filed and perfected the liens. Therefore, the owners remain liable for payment of amounts secured by Rocky Mountain's liens and the district court erred in its interpretation of the statute.
 

 III
 

 [¶ 13] Rocky Mountain argues the district court erred in awarding attorney fees
 
 *676
 
 to Mitchell's. Sections 35-24-19 and -13(5), N.D.C.C., permit recovery of reasonable attorney fees by the party for whom judgment is rendered in an action brought to enforce an oil and gas construction lien. Here, the district court awarded attorney fees to Mitchell's. Because the district court erred in invalidating Rocky Mountain's liens, it erred in awarding attorney fees to Mitchell's, and we reverse accordingly.
 

 IV
 

 [¶ 14] The district court erred in interpreting N.D.C.C. §§ 35-24-04 and -07 to invalidate Rocky Mountain's liens. The district court erred in awarding attorney fees to Mitchell's. We reverse the judgment and remand for proceedings consistent with this opinion and a proper award of attorney fees.
 

 [¶ 15] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.