# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2019 ND 252

| | |
|---|---|
| Rocky Mountain Steel Foundations, Inc., | Plaintiff and Appellant |
| v. | |
| Brockett Company, LLC; Amber Brockett, | Defendants |
| and | |
| Mitchell's Oilfield Services, Inc., aka Wood Group; and Travelers Casualty and Surety Company of America, | Defendants and Appellees |

### No. 20190121

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin Ann Schmidt, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Briana L. Rummel (argued) and Monte L. Rogneby (appeared), Bismarck, ND, for plaintiff and appellant.

Nicholas C. Grant (argued) and Allison R. Mann (on brief), Dickinson, ND, for defendants and appellees.

**VandeWalle, Chief Justice.**

[¶1]   Rocky Mountain Steel Foundations, Inc. appealed from an amended judgment ordering Mitchell's Oil Field Services, Inc. and Travelers Casualty and Surety Company of America (collectively "Mitchell's") to pay Rocky Mountain attorney's fees.  Rocky Mountain argues the district court erred by failing to award it all of the attorney's fees it requested.  We affirm the portion of the judgment awarding Rocky Mountain attorney's fees incurred before the prior appeal, but reverse the portion of the judgment denying the attorney's fees Rocky Mountain requested for the prior appeal and on remand.   We remand for the court to properly determine a reasonable amount of attorney's fees consistent with this opinion.

I

[¶2]   In 2014, Rocky Mountain recorded two oil and gas construction liens. Mitchell's recorded lien release bonds and the liens were attached to the bonds.  The bonds replaced the oil wells as security for the liens.  Rocky Mountain filed to foreclose on the liens.

[¶3]   We previously reviewed a district court judgment invalidating Rocky Mountain's oil and gas construction liens and awarding attorney's fees to Mitchell's.  *See Rocky Mountain Steel Founds., Inc. v. Brockett Co., LLC,* 2018 ND 96, ¶ 1, 909 N.W.2d 671.   We stated the underlying facts in the prior appeal, and we will not repeat them here except as necessary to resolve the issues raised in the present appeal.  *Id.* at ¶¶ 2-4.  On review, we concluded the district court erred in interpreting statutory law to invalidate the liens and by awarding Mitchell's attorney's fees.  *Id.* at ¶ 1. We reversed the judgment and remanded for proceedings consistent with our opinion and a proper award of attorney's fees.  *Id.* at ¶ 14.

[¶4]   On remand, Rocky Mountain moved for attorney's fees, arguing it was entitled to attorney's fees as the prevailing party in a lien foreclosure action

1

under N.D.C.C. §§ 35-24-19 and 35-24-13(5). Rocky Mountain requested $49,554 for attorney's fees incurred prior to the appeal, $11,831 for the appeal, and $9,260.50 for the fees incurred on remand. Mitchell's opposed the motion, arguing Rocky Mountain was not entitled to all of the attorney's fees it requested.

[¶5] The district court found Rocky Mountain was entitled to $19,025 for the work it did to pursue the lien claims. The court found it would not award any attorney's fees for the appeal because the remand did not indicate the court was to award a proper amount of appellate attorney's fees and the court believed it was proper for both parties to incur the expense of the appeal on their own. Amended judgment was entered.

II

[¶6] Rocky Mountain argues the district court erred by failing to award Rocky Mountain all of the attorney's fees it requested. Rocky Mountain contends it was entitled to the requested fees under N.D.C.C. §§ 35-24-19 and 35-24-13(5).

[¶7] A district court's decision on attorney's fees is reviewed under the abuse of discretion standard. *Lincoln Land Dev., LLP v. City of Lincoln*, 2019 ND 81, ¶ 20, 924 N.W.2d 426. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

A

[¶8] Rocky Mountain argues the district court erred when it failed to award Rocky Mountain all of the attorney's fees it incurred before the prior appeal.

[¶9] North Dakota generally applies the "American Rule" for attorney's fees and assumes each party to the lawsuit will bear its own attorney's fees. *Deacon's Dev., LLP v. Lamb*, 2006 ND 172, ¶ 11, 719 N.W.2d 379.

2

"[S]uccessful litigants are not allowed to recover attorney fees unless authorized by contract or by statute." *Id.*

[¶10] The district court concluded N.D.C.C. § 35-24-13(5) governed the award of attorney's fees. The court explained it would award the reasonable attorney's fees expended in pursuing the bond claims, but it would not order Mitchell's to pay the fees expended to pursue claims against other defendants. The court concluded, "[N.D.C.C. § 35-24-13(5)] does not allow the award of attorney fees against Mitchell's and Travelers for the fees [Rocky Mountain] incurred bringing claims other than claims on the bond." The court held:

> [Rocky Mountain] is entitled to $19,025 for the work it did to pursue the lien claims. [Rocky Mountain] previously filed documents with this court indicating that was the amount of fees it incurred to pursue these claims. . . . and this court finds that amount to be reasonable and proper. The court does not find any reason to reduce the amount of claimed fees of $19,025.

[¶11] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *N. Excavating Co., Inc. v. Sisters of Mary of the Presentation Long Term Care*, 2012 ND 78, ¶ 4, 815 N.W.2d 280. In construing a statute, we seek to ascertain the legislature's intent. *Id.* We give words used in a statute their plain, ordinary, and commonly understood meaning, unless they are specifically defined or contrary intention plainly appears. *Id.*; *see also* N.D.C.C. § 1-02-02. If a statute is ambiguous, we may consider extrinsic aids to interpret the statute, including the object sought to be attained or the consequences of a particular construction. *N. Excavating*, at ¶ 4; *see also* N.D.C.C. § 1-02-39. "A statute is ambiguous when it is subject to different, but rational meanings." *N. Excavating*, at ¶ 4 (quoting *Hilton v. N.D. Educ. Ass'n*, 2002 ND 209, ¶ 10, 655 N.W.2d 60).

[¶12] The district court concluded N.D.C.C. § 35-24-13(5) governed the award of attorney's fees in this case. Rocky Mountain does not argue on appeal that the court erred in its conclusion. Section 35-24-13(5), N.D.C.C.,

states, "In case the lienholder recovers in a suit upon the bond, the lienholder is entitled to recover a reasonable attorney's fee, to be fixed by the court, which must be taxed as costs in the action." The plain language of the statute states a lienholder is entitled to recover reasonable attorney's fees when the lienholder recovers in a suit upon the bond.

[¶13] Rocky Mountain claims it is entitled to all of the fees it incurred before the first appeal, including the fees it incurred pursuing its claims against the other defendants in the action, Brockett Co., LLC and Amber Brockett (collectively "Brockett"). Rocky Mountain contends the district court erred in determining it was only entitled to fees that were specifically associated with its pursuit of the lien claims against Mitchell's.

[¶14] In *Northern Excavating*, 2012 ND 78, ¶¶ 9-12, 815 N.W.2d 280, this Court held a property owner was entitled to an award of attorney's fees in a contractor's action to foreclose on a construction lien under N.D.C.C. § 35-27-24.1, but the owner was not entitled to attorney's fees for work on unrelated claims. Section 35-27-24.1, N.D.C.C., stated, "Any owner that successfully contests the validity or accuracy of a construction lien by any action in district court must be awarded the full amount of all costs and reasonable attorney's fees incurred by the owner." *See N. Excavating*, at ¶ 6. This Court held the legislature did not intend to award an owner "literally all of the costs and attorney's fees arising out of a lawsuit when challenging a lien was not the only disputed cause of action." *N. Excavating*, at ¶ 11. We explained an interpretation allowing the party to recover literally all of the costs and attorney's fees could lead to an absurd result because the party who successfully contests the validity of a construction lien could be awarded all of their attorney's fees even if they do not prevail on any other claim. *Id.* We held the attorney's fees and costs were limited to those reasonably expended contesting the lien. *Id.* We said "a party is entitled to attorney's fees and costs associated with work done to challenge a lien, even if such work is also relevant to other causes of action, but not for work on unrelated claims." *Id.* at ¶ 12.

4

[¶15] Although the language of N.D.C.C. § 35-24-13(5) is different from the statute we interpreted in *Northern Excavating*, the rationale is the same and our reasoning in that case is persuasive. We do not believe the legislature intended the lienholder to recover all of the costs and attorney's fees arising out of the lawsuit when the suit upon the bond was not the only disputed claim. We conclude a lienholder who recovers in a suit upon the bond is limited under N.D.C.C. § 35-24-13(5) to recovering only the reasonable attorney's fees for work associated with pursuing the claim on the bond.

[¶16] Rocky Mountain requested the district court order Mitchell's to pay all of the fees Rocky Mountain incurred before the appeal, including the fees it incurred to pursue its claims against Brockett. It alleged it had incurred $30,508.50 in attorney's fees to pursue its claims against Brockett, and $19,025 in fees to pursue its claims against Mitchell's. Rocky Mountain sued Brockett for breach of contract, quantum meruit, and to enforce a personal guaranty. The district court previously ordered Brockett to pay Rocky Mountain $49,533.50 in attorney's fees. The $49,554 in attorney's fees Rocky Mountain requested the court order Mitchell's to pay included all of the attorney's fees it incurred before it filed the notice of appeal for the prior appeal, including those fees Brockett was already ordered to pay and that were incurred to pursue claims against Brockett.

[¶17] Rocky Mountain claims the work that was required to litigate the claims against the different defendants was effectively the same for all of the claims. It contends the issues against the different defendants were virtually identical, requiring "thoughtful parsing of the same statutory scheme with only slight factual differences." A similar argument was made in *Northern Excavating*, and we said:

> [A] party is entitled to attorney's fees and costs associated with work done to challenge a lien, even if such work is also relevant to other causes of action, but not for work on unrelated claims. To that extent, [the party entitled to fees] is entitled to attorney's fees and costs incurred as part of contesting the

5

> accuracy of the lien, which includes the reasonable value of time and materials.

*N. Excavating*, 2012 ND 78, ¶ 12, 815 N.W.2d 280. Rocky Mountain is entitled to the attorney's fees incurred in pursuing its claim on the bond, but it is not entitled to attorney's fees under N.D.C.C. § 35-24-13(5) for work on unrelated claims.

[¶18] The district court rejected Rocky Mountain's argument that it was entitled to attorney's fees under N.D.C.C. § 35-24-13(5) for its claims against all of the defendants. We agree. Other than a conclusory argument that the work litigating all of the claims overlapped and was essentially the same, Rocky Mountain has not explained how its work on the suit on the bond was relevant to its breach of contract and quantum meruit claims or its claim to enforce a personal guaranty.

[¶19] The district court explained it would award reasonable attorney's fees expended to pursue the bond claims, but it would not order Mitchell's to pay attorney's fees that were incurred bringing other claims. The court noted Rocky Mountain filed documents indicating that it incurred $19,025 to pursue the bond claims and found that amount was reasonable. The district court did not misapply the law and it did not act in an arbitrary, unreasonable, or unconscionable manner. We conclude the court did not abuse its discretion in awarding the attorney's fees incurred before the prior appeal.

B

[¶20] Rocky Mountain argues the district court erred by denying its request for the attorney's fees it incurred on appeal. Rocky Mountain contends the plain language of N.D.C.C. § 35-24-13(5) does not limit the recovery of attorney's fees to the fees incurred before the district court and the appeal is part of the case.

[¶21] The district court denied Rocky Mountain's request for attorney's fees incurred on appeal. The court stated this Court's remand did not indicate

the district court was to award appellate attorney's fees. The court further explained:

> Based on the posture of this case, simultaneous summary judgment motions based on stipulated facts, both parties were aware this issue would be appealed no matter what the district court decided. It was necessary to finally determine the parties' rights. Although this court was reversed on appeal, the same fees and expenses would have been incurred either way. This court believes it is proper for both parties to incur the expense of appeal on their own.

[¶22] In remanding the case to the district court, this Court said, "We reverse the judgment and remand for proceedings consistent with this opinion and a proper award of attorney fees." *Rocky Mountain*, 2018 ND 96, ¶ 14, 909 N.W.2d 671. We did not limit the attorney's fees Rocky Mountain could request on remand.

[¶23] As previously discussed, Rocky Mountain was entitled to attorney's fees under N.D.C.C. § 35-24-13(5) as a lienholder recovering in a suit upon a bond. The district court did not apply N.D.C.C. § 35-24-13(5) in denying Rocky Mountain's request for attorney's fees on appeal. There is no language in N.D.C.C. § 35-24-13(5) that explicitly limits the attorney's fees to those incurred in the district court proceedings. This Court has considered whether a statute authorizing attorney's fees also authorizes fees for an appeal, and we said:

> "[T]his Court has decided statutory provisions authorizing an award of attorney fees to a prevailing party entitle that party to attorney fees in successfully defending a judgment on appeal. *Troutman v. Pierce, Inc.*, 402 N.W.2d 920, 925 (N.D. 1987) (holding '[A] prevailing consumer's attorney-fee award under the Magnuson-Moss Act at the trial level should [not] be dissipated by uncompensated costs, expenses and attorney fees in successfully defending a judgment on appeal.')."

*Schwab v. Zajac*, 2012 ND 239, ¶ 27, 823 N.W.2d 737.

[¶24] Mitchell's argues only a party who is successful at the district court and successfully defends that judgment on appeal may be entitled to recover attorney's fees for the appeal to prevent dilution of recovery. Mitchell's cited *Troutman*, 402 N.W.2d 920 (N.D. 1987), *Hoge v. Burleigh Cty. Water Mgmt. Dist.*, 311 N.W.2d 23 (N.D. 1981), and other cases in support of its argument that a party may be awarded attorney's fees on appeal only if the party is successful at the district court and successfully defends that judgment on appeal.

[¶25] Although the party who was awarded appellate attorney's fees in those cases was the prevailing party before the district court and on appeal, we explained that to disallow attorney's fees for the appeal may dilute or dissipate the party's recovery. *See, e.g., Troutman*, 402 N.W.2d at 925; *Hoge*, 311 N.W.2d at 32. Similarly, a lienholder, who successfully appeals a district court's judgment and ultimately recovers in a suit upon the bond as a result of the appeal, is entitled to attorney's fees for the district court proceedings under N.D.C.C. § 35-24-13(5) and also should not have their recovery diluted by the costs of the attorney's fees on appeal. The purpose of the statute would be undermined if the recovery could be diluted by the attorney's fees incurred on appeal.

[¶26] Rocky Mountain successfully appealed the district court's prior decision invalidating the liens, and was entitled to attorney's fees for the prior appeal under N.D.C.C. § 35-24-13(5). The district court misapplied the law and abused its discretion by failing to award Rocky Mountain reasonable appellate attorney's fees for the prior appeal.

C

[¶27] Rocky Mountain argues it was also entitled to the attorney's fees it incurred on remand under N.D.C.C. §§ 35-24-19 and 35-24-13(5).

[¶28] Rocky Mountain requested $9,260.50 in attorney's fees it incurred on remand after the first appeal. The district court did not award any of the requested fees, and it did not make any findings explaining its decision.

8

[¶29] When the district court does not make any specific findings of fact or give any explanation providing the evidentiary and theoretical basis for its decision and the basis is not otherwise ascertainable in the record, we are unable to properly review the issue because we are left to speculate the basis for the court's decision and whether the law was properly applied. *See Gratech Co., Ltd. v. Wold Engineering, P.C.*, 2007 ND 46, ¶ 19, 729 N.W.2d 326; *Hagel v. Hagel*, 2006 ND 181, ¶ 9, 721 N.W.2d 1. If the district court does not provide a rationale for its decision, we are unable to determine whether the court abused its discretion. *Gratech*, at ¶ 20.

[¶30] The district court did not provide any explanation for failing to award Rocky Mountain any of the attorney's fees it incurred on remand, and therefore we are unable to determine whether the district court abused its discretion. We reverse the district court order and remand for the court to determine a reasonable amount of attorney's fees or to explain why none were awarded.

III

[¶31] We affirm the portion of the judgment awarding Rocky Mountain attorney's fees incurred before the prior appeal, but reverse and remand the portion of the judgment denying the attorney's fees requested for the prior appeal and on remand. On remand, the district court must properly determine the reasonable amount of attorney's fees Rocky Mountain is entitled to consistent with this opinion.

[¶32]  Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte

9